# APPENDIX "G"
# SETTLEMENT AGREEMENT

# AGREEMENT

Robert and Reba Brennan, and the Settling Claimants, as identified below, agree as follows:

## I. PARTIES

1.1   Robert and Reba Brennan (the "Brennans") are married individuals residing in King County, Washington. They and their marital community are parties to this agreement. The Brennans filed for relief under Chapter 11 of the United States Bankruptcy Code on September 14, 2004 (the "Petition Date") and the case is pending before the United States Bankruptcy Court for the Western District of Washington at Seattle (the "Bankruptcy Court") under Case No. 04-22003.

1.2   The Settling Claimants are the following entities:
a.   3DM, LLC
b.   Donald Simplot
c.   Douglas Toms, Gerry Toms, his wife, and their marital community,
d.   GB Vessel Acquisitions, LLC
e.   Rascals Casino LLC
f.   Rascals, Inc.
g.   CQ River Cruises, LLC
h.   CQ Acquisitions, LLC
i.   Royal Management, Inc.
j.   BB Acquisitions, Inc.

## II. RECITALS

2.1   Mr. Brennan has served as managing member of many of the Settling Claimants, and has borrowed $600,000.00 from 3DM, LLC. The Settling Claimants claim that Mr. Brennan's actions in borrowing money from 3DM, LLC and actions he took as managing member of various entities described in paragraph 1.2 above subject him to a claimed liability of over two million dollars. The Settling Claimants further claim that this amount in non-dischargeable pursuant to 11 USC §523. Mr. Brennan disputes these charges, and asserts in part that his dealings on behalf of the Settling

Claimants were undertaken with the knowledge and implied consent of the other members of the respective entities.

2.2   In the course of their dealings, the Brennans and the certain of the Settling Claimants have become liable to third parties either as guarantors or co-makers for funds borrowed by or on behalf of certain of the Settling Claimants. These claims (Third Party Claims) include, without limitation, the following:

   i. .   Funds lent by Pacific Trade and Investment, Inc., who claims an approximate balance due of approximately $163,000.00;
   ii.    Funds lent by Rhode Asset Management LLC, who claims an approximate balance due of $900,000.00;
   iii.   Washington Mutual Bank, who claims a debt of approximately $5,700,000.00 for funds lent to BB Vessel Acquisition LLC for the purchase of a cruise ship;
   iii.   American Marine Bank, who claims a debt of approximately $1,000,000.00 for funds lent to purchase the Glacier Bay cruise ships;
   iv.    American West Bank, who claims a debt of $4,400,000.00 for funds lent to Rascals Casino;
   v.     Frontier Bank, who claim a debt of approximately $400,000.00 for funds lent to Rascals Casino;

2.3   The parties recognize that certain entities that Mr. Brennan is a manager of have caused or will cause the land and business assets of the Royal Casino in Everett Washington to be sold to Alan Hemmat or related entities. As part of these transactions, the parties anticipate that approximately $150,000 shall be paid to Pacific Trade and Investments in partial satisfaction of the claim identified in paragraph 2.2 above, and an additional $250,000 shall be paid to Rhodes Asset Management in partial satisfaction of the claim identified in paragraph 2.2 above.

2.4   The Brennans claim membership interests in various of the Settling Claimants and seek enforcement of their membership rights. The Settling Claimants assert that those membership interests are of minimal value, or have been forfeited as a result of the alleged wrongful actions described in paragraph 2.1 above.

2.5 The parties wish to minimize the expense and delay of protracted litigation, and with the goal of accomplishing this end have entered into the agreement set forth below:

## III. AGREEMENT

The Brennans and the Settling Claimants, intending to be legally bound hereby and in consideration of the premises above and agreements set forth herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, agree as follows:

3.1 Within 30 (thirty) calendar days of Plan Confirmation and Court Approval of this Agreement, as set forth below, the Brennans will pay or cause to be paid to Rhodes Asset Management the cash amount of $100,00.00. In addition, the Brennans shall cause to be paid to Rhodes Asset Management the amount of $50,000 plus interest of 8% per annum from the date of plan confirmation to the date of payment. The $50,000 shall be due one year after Plan Confirmation. In the event that the payments required in this paragraph are not made, the parties agree that all claims of the Settling Claimants as described in paragraph 2.1 above shall be able to maintain that their claims are not dischargeable. In the event the claims are proven to be of a type excepted from discharge pursuant to 11 USC §523, they will not be discharged by any discharge obtained by the Brennans pursuant to plan of reorganization described in paragraph 3.2 below. The payments described in this paragraph are in addition to the payments described in paragraph 2.3 above.

3.2 Within 30 days of the Effective Date of this Agreement, the Brennans shall propose a plan of reorganization in the bankruptcy described in paragraph 1.1 above which, among other things, will propose that the Brennans perform the following the following:

    i. Relinquish any ownership claim in Rascals, Inc. and Rascals Casino, LLC;

SETTLEMENT AGREEMENT – PAGE 3
Settlement Agreement revised bmm 7.1.05.doc

    ii.    Relinquish any ownership claim in GB Vessel Acquisitions, LLC, and BB Acquisitions, LLC;

    iii.    Relinquish any ownership claim in CQ River Cruises, LLC and CQ Acquisitions, LLC;

    iv.    Compromise any potential claims pursuant to 11 USC §547 against any Settling Claimants for any alleged preferential transfers to those entities;

3.3    The Settling Claimants will vote to accept a plan of reorganization that contains the provisions set out in paragraph 3.2.

3.4    Subject to Plan Confirmation and Court approval as set forth in paragraph 3.12 below, to the Brennans completion of the payments described in paragraph 3.1 above, to the payments referred to in paragraph 2.3 being made as described, and to satisfaction of the obligation referred to in paragraph 2.2(i) being made as described, the Settling Claimants and their present and former partners, principals, employees, representatives, officers, attorneys, shareholders, partners, parent and/or subsidiary affiliates, assigns, agents, insurers and successors-in-interest shall fully and forever release, discharge and hold harmless the Brennans, their employees, representatives, officers, attorneys, shareholders, parent and/or subsidiary corporate entities, affiliates, branches, assigns, agents, insurers and successors-in-interest from any and all claims asserted as described in paragraph 2.1 or Third Party Claims described in paragraph 2.2.

3.5    Subject to Plan Confirmation and Bankruptcy Court approval as set forth in paragraph 3.12 below, and subject to completion of the payments described in paragraph 3.2 above, the Brennans shall fully and forever release and discharge the Settling Claimants, and their present and former partners, principals, employees, representatives, officers, attorneys, shareholders, directors, partners, parent and/or subsidiary corporations, affiliates, assigns, agents, insurers and successors-in-interest from any and all claims, including claims for enforcement of membership interests in any of the Settling Claimants as described in paragraph 2.4 above.

SETTLEMENT AGREEMENT – PAGE 4
Settlement Agreement revised bmm 7.1.05.doc

.

3.6     This Agreement may be executed in counterparts, which, when combined, shall constitute a single original.

3.7     A facsimile copy of a signature shall have the same force and effect as an original signature to this Agreement.

3.8     This Agreement incorporates all prior negotiations and agreements between the parties to it. Any modification of this Agreement shall be in writing and shall be signed by all parties to this Agreement.

3.9     The parties acknowledge and represent that they have had an opportunity to seek legal counsel regarding the effect of this Agreement.

3.10    The effective date (the 'Effective Date') of this Agreement shall be the last date appearing below.

3.11    This Agreement shall be binding upon and be enforceable against all successors or assignees of each of the parties hereto, including any subsequent trustee elected or appointed for the Debtor.

3.12    This Agreement is subject to Bankruptcy Court approval, and to the entry of a final order granting confirmation of a plan of reorganization in the bankruptcy described in paragraph 1.1 above which contains the provisions set out in paragraph 3.2 (Plan Confirmation). The Brennans shall apply for Bankruptcy Court approval in conjunction with the confirmation of their plan of reorganization. In the event Court Approval or Plan Confirmation is not granted within 90 days from the Effective Date of this Agreement, this agreement shall be null and void.

3.13    The parties signing this agreement warrant and represent that they have the power to bind each respective party to this agreement.

.

_____                                  Date:_____
Robert Brennan

_____          Date:_____
Reba Brennan


_____          Date:_____
Donald Simplot


_____          Date:_____
Douglas Toms


_____          Date:_____
Gerry Toms

GB Vessel Acquisitions, LLC

By:_____       Date:_____
Title:

Rascals Casino LLC

By:_____       Date:_____
Title:

Rascals, Inc.

By:_____       Date:_____
Title:

CQ River Cruises, LLC

By:_____       Date:_____
Title:

CQ Acquisitions, LLC

By:_____       Date:_____
Title:

Royal Management, Inc.

By:_____       Date:_____
Title:


SETTLEMENT AGREEMENT – PAGE 6
Settlement Agreement revised bmm 7.1.05.doc

BB Acquisitions, Inc.

By:_____        Date:_____
Title:

APPENDIX "H"
MAP OF ELPASO AND HOLLOW ROAD PROPERTIES



APPENDIX "I"
RESULTS OF AUCTION

*To Be enclosed later*

APPENDIX "J"
DEBTOR'S SUMMARY OF CLAIMS

# Don Simplot Debts Scheduled vs. claimed.

The following is a list of claims filed by the bar date vs. the amounts scheduled by Debtor. Based on some of the claims received, the Debtor has updated the liabilities reported. Some of the claims are disputed and thus Debtor's records have not been updated to reflect the disputed debts.. At time Debtor filed original schedules Debtor was not completely aware of exact amount of many debts that had been incurred. Based on the continued analysis of the claims filed, Debtor is attempting to update his records to reflect new information being received by him that is not disputed.

| Creditor | Scheduled Amt | Claim filed | Claim no. | Comments |
|---|---|---|---|---|
| Aequitas Capital | $10,300.84 | $10,330.84 | 2 | Claim Disputed-should be withdrawn |
| American Marine Bank | $973,958.00 | $1,007,247.26 | 10 | Additional amount in claim may be interest |
| American West Bank | $6,376,367.00 | $920,661.48 | 27 | See claim 27 and 28 |
| | | $4,129,229.66 | 28 | Liability reduced due to sale of stock after bankruptcy case was filed |
| April Simplot | $2,088.99 | | | Scheduled as undisputed |
| Childers Family | $0.00 | $68,000.00 | 23 | Not scheduled by Debtor; creditor has produced a written agreement |
| Citicapital | $4,410,447.84 | $4,692,718.28 | 22 | Secured by EEX Explorer Boat, which has been sold claim should reduce |
| Citicorp USA | $5,000,000.00 | $5,124,364.00 | 18 | Debt in claim is overstated as has interest after 1/4/06 |
| Columbia Bank | $410,391.59 | $410,471.05 | 5 | |
| DJS Properties, LP | $0.00 | $14,000,000.00 | 24 | Not scheduled by Debtor-Key Bank Banner Bank offsets; debt disputed |
| Doug Toms | $0.00 | $3,500,000.00 | | Debt disputed |
| Foundation Bank | $0.00 | $4,729,938.11 | 19 | secured by Coastal Hotel Group assets, portion of debt may be reduced |
| Frontier Bank | $10,000,000.00 | $2,033,229.70 | | Secured by Columbia Queen Ship; Debt originally erroneously included Marad liability and claim more accurately reflects liability |
| | | $2,982,383.63 | | |
| | | $1,000,000.00 | | Contingent guaranty-no advances made that are known to Debtor-disputed |
| Key Bank | $1,500,000.00 | $1,560,781.29 | 20 | DJS Properties, LP guaranteed; dispute interest after 1/4/06 |
| Key Bank | $560,500.00 | $522,815.38 | 20 | DJS Properties, LP guaranteed; dispute interest after 1/4/06 |
| Merrill Lynch Corp | $127,914.00 | $127,914.46 | 15 | DJS Properties, LP guaranteed-secured by property |
| Ontario Partners | $0.00 | $320,695.75 | | Secured by Coastal Hotel Group-no guaranty signed; disputed |
| Regal Bank | $1,500,000.00 | $1,519,541.66 | 6 | |
| Rhodes Asset | $644,800.00 | $493,174.78 | 9 | Debt may have been reduced post bankruptcy due to sale of Toms stock |
| Washington Mutual | $5,921,179.00 | $3,016,328.45 | 13 | Claim amended August 29, 2005 to credit proceeds of ships sold |
| Washington Trust Bank | $3,000,000.00 | $2,806,225.11 | 16 | |
| Wells Fargo | $238,121.37 | $238,150.97 | 1 | |
| Wells Fargo Bank | $950,000.00 | $332,346.21 | 4 | Debt appears to have been overstated on original schedules |
| | | $55,546,548.07 | | |
| Banner Bank has filed a motion to allow a late filed claim for over $6 million. Debtor is informed that other obligors have made payments to Banner Bank since the bankruptcy was filed and the liability has been reduced. | | | | |

| | | |
|---|---:|---|
| Potential reductions due to objections to claims or with draw of claims | | |
| Claim total | $55,546,548.07 | |
| Citicapital | -$2,500,000.00 | Informed that boat is sold for $2.5 milion but claim has not been amended |
| Citicorp | $60,000.00 | Interest included -estimated reduction |
| DJS Properties | -12,000,000 | claim may need to consider Key Bank -which is counted aleady in total if DJS pays Key Bank then claim does not have to be paid twice |
| Doug Toms | -3,500,000 | Debtor not indebted to Toms |
| Foundation Bank | -300,000 | Foundation relased a lien of $500,000 for $300,000 |
| Frontier Bank | -1,000,000 | Debt does not appear to have been advanced |
| Merill Lynch | -127,914 | This is a DJS Properties Debt secured by Hollow Rd Property |
| Ontario Partners | -320,695.75 | Has agreed to remove its claim and order entered |
| Rhodes Asset | -493,174.78 | May have collected from Toms |
| Washington Mutual | | Amended claim reducing it from over $6 million to amount described above |
| Total with reductions | $35,364,763.54 | |

APPENDIX "K"

DISCLOSURE STATEMENT
JMM/jib 01936-014-188958  8/18/06