# APPENDIX "A"
## ORDER APPROVING DISCLOSURE STATEMENT

**JEROME SHULKIN, WSB No. 2198**
**SHULKIN HUTTON, INC., P.S.**
2101 Fourth Avenue, Suite 200
Seattle, WA 98121
Telephone: (206) 623-3515
Facsimile: (206) 682-9289
**mepelbaum@shulkin.com**

**JOSEPH M. MEIER, ISB No. 3314**
**COSHO, HUMPHREY, LLP**
P. O. Box 9518
Boise, ID 83707-9518
Telephone:    (208)344-7811
Facsimile:    (208)338-3290
jmeier@cosholaw.com

Attorneys for Debtor-in-Possession

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>Don J. Simplot, aka<br>El Paso Tree Farm Company<br><br>Debtor. | ) Chapter 11<br>) Case No. 06-00002-TLM<br>)<br>) **DRAFT - ORDER APPROVING**<br>) **DISCLOSURE STATEMENT AND**<br>) **FIXING TIME FOR**<br>**FILING ACCEPTANCES OR**<br>**REJECTIONS OF PLAN, AND NOTICE**<br>**THEREOF** |

**ORDER APPROVING DISCLOSURE STATEMENT AND FIXING TIME FOR
FILING ACCEPTANCES OR REJECTIONS OF PLAN,
COMBINED WITH NOTICE THEREOF**

Don J. Simplot, aka El Passo Tree Farm Company filed a Disclosure Statement on December 14, 2006. It having been determined after hearing on notice that the Disclosure Statement contains adequate information:

IT IS ORDERED, and notice is hereby given that:

DRAFT - ORDER APPROVING DISCLOSURE STATEMENT AND FIXING TIME FOR
FILING ACCEPTANCES OR REJECTIONS OF PLAN, AND NOTICE THEREOF  P -1-
01936-014/188985 JMM/jib 12/14/06

1. The Disclosure Statement filed by Don J. Simplot, aka El Passo Tree Farm Company dated December 14, 2006 is approved.

2. _____ is fixed as the last day for filing written acceptances or rejections of the Plan of Reorganization.

3. After the entry of this Order, the Plan of Reorganization, the Disclosure Statement, and a ballot conforming to Official Form No. 14 shall be transmitted by mail to creditors, equity security holders and other parties in interest as provided in Rule 3017(d).

4. _____ is fixed for the hearing on confirmation of the Plan of Reorganization at the U.S. Bankruptcy Court, Federal Building/U.S. Courthouse, 550 W. Fort Street, Boise, Idaho.

5. _____ is fixed as the last day for filing and serving pursuant to Rule 3020(b)(1) written objections to confirmation of the Plan of Reorganization and any objections must be sent to the U.S. Bankruptcy Court, 550 W. Fort Street, MSC 042, Boise, ID 83724 and to Joseph M. Meier, Cosho Humphrey, LLP, P.O. Box 9518, Boise, Idaho 83707, and to the U.S. Trustee, 720 Park Blvd., Ste. 220, Boise, ID 83701; and to Larry Prince, Holland and Hart, 101 S. Capital Blvd., Ste. 1400, Boise, Idaho 83701.

DATED this \_\_\_\_ day of _____, 2007.

_____
Terry L. Meyers
Chief U.S. Bankruptcy Judge

APPENDIX "B"
THE PLAN OF REORGANIZATION

DISCLOSURE STATEMENT
JMM/jib 01936-014-188958  12/14/06

The First Amended Plan shall be filed separately and be appended to this disclosure statement when sent to creditors.

APPENDIX "B" to First Amended Disclosure Statement

APPENDIX "C"
PROPOSED BALLOT

DISCLOSURE STATEMENT
JMM/jib 01936-014-188958  12/14/06

JEROME SHULKIN, WSB No. 2198
SHULKIN HUTTON, INC., P.S.
2101 Fourth Avenue, Suite 200
Seattle, WA 98121
Telephone: (206) 623-3515
Facsimile: (206) 682-9289
mepelbaum@shulkin.com

JOSEPH M. MEIER, ISB No. 3314
COSHO, HUMPHREY, LLP
P. O. Box 9518
Boise, ID 83707-9518
Telephone:    (208)344-7811
Facsimile:    (208)338-3290
jmeier@cosholaw.com

Attorneys for Debtor-in-Possession

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF IDAHO

| In Re: | ) Chapter 11 |
| --- | --- |
|  | ) Case No. 06-00002-TLM |
| Don J. Simplot, aka | ) |
| El Paso Tree Farm Company | ) **DRAFT** - BALLOT FOR ACCEPTING OR |
|  | ) REJECTING PLAN OF REORGANIZATION |
| _____ Debtor. _____ | ) |

The Debtor filed a Plan of Reorganization dated the _____ day of _____ 2006, (the "Plan") in this case. The Court has approved a Disclosure Statement with respect to the Plan. The Disclosure Statement provides information to assist you in deciding how to vote your ballot. That Disclosure Statement is being sent to you with the Plan. The approval of the Disclosure Statement by the Court does not indicate approval of the Plan by the Court.

You should review the Disclosure Statement and Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in the class described in the Plan. If you hold claims or equity interests in more than one class you should submit a ballot for each class wherein you are classified, as you are entitled to vote in each class.

**If your ballot is not received by the clerk of the court on or before the date specified below your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote. In the event the requisite acceptances are not obtained, the Court may nevertheless confirm the plan if the court finds that the plan accords fair and equitable treatment to the class rejecting it and otherwise satisfies the requirement of § 1129(b) of the Code.**

### ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, an ( ) unsecured, ( ) secured creditor of the above named debtors in the unpaid principal amount of $_____,

( ) Accepts
( ) Rejects
the Plan of the above named debtors.
Print or type name of business: _____
Signed: _____
By: (if appropriate) _____
      as _____
Address: _____
_____

THIS BALLOT MUST BE RETURNED TO THE FOLLOWING ADDRESS ON OR BEFORE _____, 2006.

      Zach Springer, Deputy Clerk
      U.S. Bankruptcy Court
      550 West Fort, MSC 042
      Boise, Idaho 83724

APPENDIX "D"
LEGAL DESCRIPTION OF EL PASO PROPERTY

DISCLOSURE STATEMENT
JMM/jib 01936-014-188958  12/14/06

## SCHEDULE C
## PROPERTY DESCRIPTION

Parcel 1:

The North Half of the Southeast Quarter of Section 9, Township 5 North, Range 3 West, Boise Meridian, Canyon County, Idaho.

AND

The Southeast Quarter of the Northeast Quarter of Section 9, Township 5 North, Range 3 West, Boise Meridian, Canyon County, Idaho.

AND

That part of Section 9, Township 5 North, Range 3 West, Boise Meridian, Canyon County, Idaho, more particularly described as follows:

BEGINNING at the Northeast corner of section 9, Township 5 North, Range 3 West, Boise Meridian, Canyon County, Idaho; thence
North 89°42'38" West 659.33 feet; thence
South 0°02'13" East 661.80 feet along a line parallel to the East line of said Section 9 to the TRUE POINT OF BEGINNING; thence
South 0°01'00" East 330.45 feet; thence
South 89°40'18" East 659.45 feet to the East line of said Section 9; thence
North 0°02'13" West 330.90 feet along said East line; thence
South 89°42'38" West 659.33 feet to the TRUE POINT OF BEGINNING.

ALSO

That part of Section 9, Township 5 North, Range 3 West, Boise Meridian, Canyon County, Idaho, more particularly described as follows:

BEGINNING at the Northeast corner of Section 9, Township 5 North, Range 3 West, Boise Meridian, Canyon County, Idaho; thence
South 0°02'13" East 992.70 feet along the East line of said Section 9 to the TRUE POINT OF BEGINNING; thence
North 89°40'18" West 659.45 feet; thence
North 0°01'00" East 330.45 feet; thence
South 89°37'58" East 659.56 feet to the East line of said Section 9; thence
North 0°02'13" West along said East line to the TRUE POINT OF BEGINNING.



EXHIBIT "A-1" page 1
Canyon Cty
Home

**SCHEDULE C**
(Continued)

EXCEPTING THEREFROM

A portion of the Northeast Quarter of the Southeast Quarter, Section 9, Township 5 North, Range 3 West, Boise Meridian, Canyon County, Idaho, described as follows:

BEGINNING at the Southeast corner of the Northeast Quarter of the Southeast Quarter of said Section 9, Township 5 North, Range 3 West; thence
North along the East boundary line of the Northeast Quarter of the Southeast Quarter a distance of 300 feet; thence
West parallel to the South line of the Northeast Quarter of the Southeast Quarter a distance of approximately 1,320 feet to the West boundary line of the Northeast Quarter of the Southeast Quarter of said Section; thence
South along the Westerly boundary of the said Northeast Quarter of the Southeast Quarter 300 feet to the South boundary of the said Northeast Quarter of the Southeast Quarter; thence
East along the said South boundary of the Northeast Quarter of the Southeast Quarter a distance of 1,320 feet, more or less, to the POINT OF BEGINNING.

Parcel 2:

A portion of the Northeast Quarter of the Southeast Quarter, Section 9, Township 5 North, Range 3 West, Boise Meridian, Canyon County, Idaho, described as follows:

BEGINNING at the Southeast corner of the Northeast Quarter of the Southeast Quarter of said Section 9, Township 5 North, Range 3 West; thence
North along the East boundary line of the Northeast Quarter of the Southeast Quarter a distance of 300 feet; thence
West parallel to the South line of the Northeast Quarter of the Southeast Quarter a distance of approximately 1,320 feet to the West boundary line of the Northeast Quarter of the Southeast Quarter of said section, thence
South along the Westerly boundary of the said Northeast Quarter of the Southeast Quarter a distance of 300 feet to the South boundary of the said Northeast Quarter of the Southeast Quarter, thence
East along the said South boundary of the Northeast Quarter of the Southeast Quarter a distance of 1,320 feet, more or less, to the POINT OF BEGINNING.

EXCEPTING THEREFROM

COMMENCING at the Southeast corner of the North Half of the Southeast Quarter of Section 9, Township 5 North, Range 3 West, Boise Meridian, Canyon County, Idaho; thence
North along the East boundary line of the said North Half of the Southeast Quarter a distance of 125 feet to the TRUE POINT OF BEGINNING; thence continuing
North along the said East boundary line of the North Half of the Southeast Quarter a distance of 125 feet; thence
West parallel to the South boundary line of the North Half of the Southeast Quarter a distance of 125 feet;



**SCHEDULE C**
(Continued)

thence
South parallel to the East boundary line of the North Half of the Southeast Quarter a distance of 125 feet; thence
East parallel to the South boundary line of the North Half of the Southeast Quarter a distance of 125 feet to the POINT OF BEGINNING.

ALSO EXCEPTING THEREFROM

BEGINNING at the, Southeast corner of the North Half of the Southeast Quarter of Section 9, Township 5 North, Range 3 West, Boise Meridian, Canyon County, Idaho; thence
North along the East boundary line of the North Half of the Southeast Quarter a distance of 125 feet; thence
West parallel to the South boundary line of the North Half of the Southeast Quarter a distance of 125 feet; thence
South parallel to the East boundary line of the North Half of the Southeast Quarter a distance of 125 feet; thence
East along the South boundary line of the North Half of the Southeast Quarter a distance of 125 feet to the POINT OF BEGINNING.

Parcel 3:

COMMENCING at the Southeast corner of the North Half of the Southeast Quarter of Section 9, Township 5 North, Range 3 West, Boise Meridian, Canyon County, Idaho; thence
North along the East boundary line of the said North Half of the Southeast Quarter a distance of 125 feet to the TRUE POINT OF BEGINNING; thence continuing
North along the said East boundary line of the North Half of the Southeast Quarter a distance of 125 feet; thence
West parallel to the South boundary line of the North Half of the Southeast Quarter a distance of 125 feet; thence
South parallel to the East boundary line of the North Half of the Southeast Quarter a distance of 125 feet; thence
East parallel to the South boundary line of the North Half of the Southeast Quarter a distance of 125 feet to the POINT OF BEGINNING.

Parcel 4:

BEGINNING at the Southeast corner of the North Half of the Southeast Quarter of Section 9, Township 5 North, Range 3 West, Boise Meridian, Canyon County, Idaho; thence
North along the East boundary line of the North Half of the Southeast Quarter a distance of 125 feet; thence
West parallel to the South boundary line of the North Half of the Southeast Quarter a distance of 125 feet; thence
South parallel to the East boundary line of the North Half of the Southeast Quarter a distance of 125 feet;


EXHIBIT "A-1" p.3
Canyon Cty Home

**SCHEDULE C**
(Continued)

thence
East along the South boundary line of the North Half of the Southeast Quarter a distance of 125 feet to the
POINT OF BEGINNING.

APPENDIX "E"
DEBTOR'S JUNE 2006 INCOME AND EXPENSES

DON SIMPLOT DISPOSABLE INCOME
COMPARISON BETWEEN PETITION DATE AND PROJECTED ON EFFECTIVE DATE

| **Income** | | **Projected on Effective Date** | | |
|---|---|---|---|---|
| Sources | Per Schedules | To Debtor | To Creditors | Notes |
| Social Security | $1,630.00 | $1,630.00 | 0 | Per code not includable |
| Simplot Pension | $5,252.00 | $5,252 | 0 | |
| Directors Comp | $4,167.00 | 0 | 0 | Debtor no longer a director |
| Deferred Exec. Comp. | $2,613.80 | $1,960.35 | $653.45 | Creditors get 25% |
| Deferred Simp. Comp. | $2,613.80 | $1,867.64 | $622.55 | Creditors get 25% |
| Micron | $4,167.00 | $0.00 | $4,167.00 | Creditors receive all |
| Claremont | $5,000 | $0.00 | $5,000 | Creditors receive all* |
| Total Income | $25,443.60 | $10,709.99 | $10,443.00 | |

| **Expenses** | | **Projected on Effective Date** | | |
|---|---|---|---|---|
| Description | Per schedules | To Debtor | To Creditors | Notes |
| Rent | $1,000 | $1,000 | 0 | |
| Utilities | $748 | $748 | 0 | |
| Home Main | $273 | $273 | 0 | |
| Food | $600 | $600 | 0 | |
| Clothing | $200 | $200 | 0 | |
| Laundry | $20 | $20 | 0 | |
| Medical and Dental | $800 | $800 | 0 | |
| Transportation | $500 | $500 | 0 | |
| Recreation | $175 | $175 | 0 | |
| Insurance | | | | |
| Renters | $116 | $116 | 0 | |
| Life | $438 | $438 | 0 | |
| Health | $444 | $444 | 0 | |
| Auto | $455 | $455 | 0 | |
| Other | $598 | $598 | 0 | |
| Child Support | $7,000 | $6,000 | 0 | Child Support reduced |
| Business Expense | $9,181 | $0 | $9,181 | Related to El Paso to creditors |
| Totals | $22,548 | $12,367 | $9,181 | |
| Difference | | $0 | $0 | |

The foregoing chart is prepared to illustrate the income and expenses that the Debtor had on the day the petition was filed vs. what will be the result if the plan is confirmed. The Creditors will be receiving the assets that the Debtor disclosed were generating income under the column labeled "Projected on Effective Date: Creditors", which are estimated monthly at $10,709.99. Other than the two deferred comp plans that pay monthly these include a payment made by the J.R.. Simplot Company each year of $50,000 which is divided by 12 for the purpose of the income calculation. On the Claremont interest, the Debtor does not receive income monthly but the $5,000 was calculated based on what was received by the Debtor in 2005 divided by 12 to reach a monthly payment. The income being retained by the Debtor includes exempt social security which has been included herein even though the Code may not require it to be calculated for disposable income calculations. It also includes the other exempt income producing assets.

* On Claremont there were large distributions in 2005 which will not be repeated in 2007. The amount projected above is likely more realistic figure for a projection then what was disclosed on form B228 attached

# APPENDIX "E" to Disclosure Statement  Page 1 of 2

## COMPARISON OF FIGURES DISCLOSED IN FORM B228

In addition to the foregoing the Debtor filed a form B228 related to the means test calculations at the time the case was commenced. Below are the comparisons between what was filed and what will be held by the Debtor on the effective date of the plan.

**Calculation of Income**

| Description | Form B228 | Retained | To Creditors | Comments |
|---|---|---|---|---|
| Interest/Dividends | $86,194.17 | 0 | $86,194.17 | Creditors to receive all |
| Pension and Retirement | $11,260 | $11,260 | 0 | Debtor to receive as disclosed |
| Claremont and DJS | $98,230.50 | | $98,230.50 | Creditors to receive all |
| Director's fees | $16,137 | 0 | 0 | No longer received |

All sources of income reported on this form but the pension and retirement income will be delivered to creditors under the plan if received post effective date of the plan.
Debtor no longer receives any directors fees as he resigned as a director.

As stated on the first page the income figures for Claremont reflected above(which for the B228 statement filed with the court included $45,422.83 per month average received in the 6 months before the bankruptcy proceeding was filed and the balance of $52,807.67 was reported income per month from DJS Properties, LP received in the six months before the bankruptcy was filed) will likely be substantially less after the Effective date of the Plan since 2005 was an unusual year for that entity. Any income received re. Debtor's ownership of Claremont and DJS Properties, LP will be delivered to the creditors under the plan.

Also any interest income and dividends if received post-confirmation will be delivered to the creditors

## APPENDIX "E" TO DISCLOSURE STATEMENT, Page 2 of 2