William R. Snyder, ISBN 1426
WILLIAM R. SNYDER & ASSOCIATES, P.A.
520 West Franklin Street
P.O. Box 2338
Boise, ID 83701-2338
Telephone: (208) 336-9080
Facsimile: (208) 343-4539
main@wrslegal.com

Paul L. Westberg, ISB #1196
WESTBERG, McCABE & COLLINS, CHARTERED
516 W. Franklin Street
P.O. Box 2836
Boise, Idaho  83701-2836
Telephone:  (208) 336-5200
Facsimile:  (208) 336-2121
lwstbrg@cableone.net

Albert N. Kennedy, OSB No. 82142
(Admitted Pro Hac Vice)
TONKON TORP LLP
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR  97204
Telephone:    (503) 221-1440
Direct Dial:    (503) 802-2013
Facsimile:    (503) 972-3713
E-Mail:        al@tonkon.com

Attorneys for DJS Properties, L.P.


IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 06-00002 |
| DON J. SIMPLOT, | ) | |
| | ) | OPPOSITION OF DJS PROPERTIES |
| Debtor. | ) | L.P. TO MOTION FOR |
| | ) | DETERMINATION UNDER 11 U.S.C. |
| | ) | §1127(c) AND (d) |

## I.    INTRODUCTION

Recognizing that its Modified Plan was likely not accompanied by adequate

disclosure, debtor Don J. Simplot ("Debtor") and the official committee of unsecured creditors

("Creditors' Committee") (collectively, the "Plan Proponents") have filed the present motion in

hopes of discovering whether they have satisfied the disclosure and voting requirements of

11 U.S.C. § 1127.  They have not.  Accordingly, DJS Properties L.P. ("DJS Properties") opposes

the Plan Proponents' Motion for Determination.

     Debtor commenced this case with the filing of his voluntary petition under

Chapter 11 of the United States Bankruptcy Code on January 4, 2006 (the "Petition Date").

(Docket 1)  Debtor's original reorganization plan was filed on December 29, 2006.  (Docket 480)

and his Second Amended Disclosure Statement ("Disclosure Statement") was approved by the

Court on January 3, 2007.  (Docket 497)  In response, objections to the original plan were filed,

including an objection by DJS Properties.  (Docket 542)  The Plan Proponents thereafter

requested—and the Court granted—an extension of time to file a modified plan.  (Docket 573)

The Modified Plan was subsequently filed on March 28, 2007.[1]   (Docket 577)  Debtor, however,

never filed a modified disclosure statement.

## II. THE PLAN PROPONENTS HAVE FAILED TO SATISFY THEIR DISCLOSURE AND SOLICIATION REQUIREMENTS

     It is axiomatic in bankruptcy that creditors are entitled to adequate information

when asked to vote for or against a plan of reorganization.  11 U.S.C. § 1125.  Accordingly, plan

proponents—such as the Debtor and Creditors' Committee here—must comply with § 1125

when proposing their significantly Modified Plan.  When any material change is made to a

proposed plan after voting, new disclosure and resolicitation are required.  Courts have

consistently held as much.  *See, e.g.*, *In re Frontier Airlines, Inc.*, 93 B.R. 1014 (Bankr. D. Colo.

1988); *In re Downtown Investment Club III*, 89 B.R. 59, 65 (9th Cir. 1988) ("Material plan

modifications require a formal disclosure statement and court approval.").

---

[1] Objections to the Modified Plan were filed by DJS Properties, L.P. (Docket 599), J.R. Simplot
Company (Docket 596), Class A Stockholders and Preferred Stockholders of J.R. Simplot
Company (Docket 597), and the Internal Revenue Service (Docket 600).

In the present case, creditors voted to accept the reorganization plan before its most recent modification. Relying on *In re American Solar King Corp*, 90 B.R. 808 (Bankr. W.D. Tex. 1988), the Plan Proponents argue that additional disclosure is unwarranted and that prior acceptances should stand unless the Court finds the modifications are materially adverse to the interests of the accepting creditors. In deciding whether the proposed modifications to a plan are material, the question is not whether creditors would change their vote in light of the modification, but whether they would be apt to reconsider their vote. *In re American Solar King Corp*., 90 B.R. 808, 824 (Bankr. W.D. Tex. 1988) ("The severity of the modification need not be such as would motivate a claimant to change their vote-only that they would be apt to reconsider acceptance."). The court in *American Solar King* went on to explain that "[t]he proponent of a modified plan may not, as a rule, use pre-modification acceptances solicited with a pre-modification disclosure statement, if the effect of the modification is to substantially change other terms of the original plan." *Id*. at 824-25. Nonetheless, this is precisely what the Plan Proponents are attempting to do.

Some courts have taken an even stronger position as to a creditor's right to receive disclosure when faced with a modified plan. As set forth by the court in *In re Frontier Airlines, Inc*.:

> Both the change in the legislative proposal and the express language of B.R. 3019 indicate that the Court should not disenfranchise creditors from having an opportunity to vote on plan modifications based on the degree of the hurt. If the modification adversely affects the interests of a creditor who has previously accepted the plan, in more than a purely ministerial de minimis manner, that creditor should have the opportunity to reconsider and change his or her vote.

93 B.R. 1014, 1023 (Bankr. D. Colo. 1988). The *Frontier* Court was "not willing to place itself in a position of weighing whether the modification is so adverse that a creditor would be apt to reconsider acceptance. In [the] Court's view it is the creditors' inherent right to make that

baseline decision if the modification to the plan results in a change which is adverse to the creditors' interests." *Id*. at fn 3.

As described below, the Plan Proponents' Modified Plan includes several material modifications which are adverse to creditors and for which additional disclosure must be required.[2]

### A.   THE ESTATE REPRESENTATIVE WILL ACT AS THE GENERAL PARTNER AND THE TRUSTEE

As now drafted, the Modified Plan has created an insurmountable conflict when it comes to the colliding roles of the Estate Representative and the Trustee.

Under the original reorganization plan, there was no reference to the trustee acting as a representative of the estate.  By contrast, under the Modified Plan, an Estate Representative will be appointed to "enforce all of the bankruptcy estate's and, as applicable, the Debtor's rights, title, interests, claims, powers, and defenses in and to the Retained Assets." (Modified Plan, Art. 1.2.28)  Retained Assets include the Partnership Claims.  (Modified Plan, Art. 1.2.56) Partnership Claims include the claim that Debtor and the estate have all the rights of the general partner.  (Modified Plan, Art. 1.2.44)  "The Estate Representative shall have all of the rights and powers of the debtor-in-possession in respect of the Retained Assets."  (Modified Plan, Art. 5.1.2.3)  "[T]he Estate Representative shall enforce all of the bankruptcy estate's and, as applicable, the Debtor's rights, title, interest, claims, powers, and defenses in and to the Partnership Claims."  (Modified Plan, Art. 5.1.2.4(a))  Significantly, the "Estate Representative and the Trustee of the Creditors' Trust shall always be the same person."  (Modified Plan, Art. 1.2.28)  In fact, under Article 5.2.3 of the Modified Plan, "[t]he Estate Representative shall be established as Trustee of the Creditors' Trust."

---

[2] Attached as Exhibit A is a black-lined version of the Modified Plan demonstrating the extent of the modifications from the original reorganization plan to the Modified Plan.

The upshot of these provisions is twofold:  First, the Modified Plan requires the Estate Representative to attempt to become the general partner of DJS Properties.  If the Estate Representative succeeds in acting as General Partner, the Estate Representative will assume the general partner's individual fiduciary obligations to the Partnership and the partners of the Partnership, including the obligation to individually manage and control the affairs of the Partnership to the best of his ability and using his best efforts to carry out the purposes of the Partnership for the benefit of the Partnership and all the partners.  (Partnership Agreement at § 5.10)  Second, under the Modified Plan, the Trustee—who is the same person as the Estate Representative—is charged with fiduciary obligations to the creditors.  Notably, the Trustee (and the Estate Representative) must expeditiously liquidate and convert to cash the assets of the Creditors' Trust for the benefit of the creditors.  (Modified Plan, Art. 5.2.3)  The Estate Representative must initiate litigation against the partners and the Partnership (Modified Plan, Art. 5.1.2.4(a), (c), (d)).

Thus, one single person—the Estate Representative, otherwise known as the Trustee—has fiduciary obligations to two groups with diametrically opposing interests.  The partners seek to protect and grow the Partnership, while the creditors seek to liquidate the Partnership.  The Estate Representative cannot perform both obligations.  Before claim-holders are asked to vote on the Modified Plan, they must be adequately informed about this conflict and the certain liability that springs from it.  The Plan Proponents' suggestion that the Modified Plan's appointment of an estate representative is essentially neutral with respect to creditors (Docket 577 at p. 8) is disingenuous, at best.  The proposed change is material and certainly adverse to the estate, as a whole.

**B.**      **BY SUBSTITUTING THE GENERAL PARTNER WITH AN ESTATE REPRESENTATIVE, THE MODIFIED PLAN WILL BREACH THE PARTNERSHIP AGREEMENT**

The Modified Plan is poised to breach the Partnership Agreement.  As stated above, the Modified Plan gives the Estate Representative "all of the rights and powers of the

debtor-in-possession in respect of the Retained Assets." (Modified Plan, Art. 5.1.2.3)  The Modified Plan also asserts that the Debtor remains a general partner of the Partnership.  The Modified Plan attempts to substitute the Estate Representative for the Debtor as general partner and limited partner of DJS Properties.  This substitution will breach the Partnership Agreement unless all of the partners consent in writing to the admission of the substituted general partner. (Partnership Agreement at § 5.8)  In the present case, no such consent has been sought or given. Accordingly, by appointing the Estate Representative to assume Debtor's rights as general and limited partner, the Modified Plan will breach the Partnership Agreement and render the Estate Representative a defaulting partner.  (Partnership Agreement at § 2.11, 6.4(b)(1), 7.4(a))

Once again, before being asked to vote on the Modified Plan, claim-holders must be adequately informed of this breach of the Partnership Agreement and the results likely to flow from the breach.

### C. THE PLAN MANDATES A TIME-CONSUMING AND COSTLY ADVERSARY PROCEEDING

The Modified Plan directs that "the Estate Representative shall file an adversary proceeding in the Bankruptcy Court against the Partners and, to the extent necessary, the Partnership, seeking a declaratory judgment upon whether or not the Partnership Agreement is an Executory Contract."  (Modified Plan, Art. 5.1.2.4(d))  Although the Estate Representative is compelled to undertake what will likely be time consuming and costly litigation, the Plan Proponents have disclosed no information—let alone adequate information—as to what this litigation will entail.  Claim-holders must be provided with enough information to enable them to make an informed judgment about the plan.  11 U.S.C. § 1125(a)(1).  The plan proponents have failed to provide this information.

Further, the Modified Plan assures additional litigation when it requires the Estate Representative to enforce all Partnership claims.  The enforcement of Partnership Claims will entail litigation—potentially extremely expensive and time consuming litigation.

### D.    THE BENEFICIARY OF THE CREDITORS' TRUST IS THE BANKRUPTCY ESTATE

The Modified Plan repeatedly represents that the sole beneficiary of the Creditors' Trust will be the Class 5 Claims and unsecured tax claims. That is not necessarily true. The Creditors' Trust has been modified; the beneficiary is Debtor's bankruptcy estate. The Modified Plan also preserves the bankruptcy estate (Modified Plan, Arts. 5.1.2.1, 5.1.2.3, 5.4) and appoints the Estate Representative to represent the estate. Then the Modified Plan places the Estate Representative in an irreconcilable conflict that will result in liability to the partners and Partnership. Those liabilities will be liabilities of the Estate Representative and the bankruptcy estate. Therefore, those liabilities will be paid as administrative obligations by the Creditors' Trust prior to unsecured creditors.

Individually and collectively, these modifications are material and require additional disclosure and solicitation under §§ 1127 and 1125 of the Bankruptcy Code.

### III.    DJS PROPERTIES HAS STANDING TO OBJECT TO THE PLAN PROPONENTS' INADEQUATE DISCLOSURE REGARDING THE MODIFIED PLAN

The Plan Proponents intimate that DJS Properties has no standing to object to the adequacy of disclosure because the modifications in the present reorganization plan were made to accommodate DJS Properties or are merely ministerial. (Docket 577 at pp. 5, 8) The Plan Proponents are wrong. As demonstrated above, the modifications to the reorganization plan are hardly ministerial; rather, they are substantial changes that impact the recovery of diverse creditors.

Contrary to the Plan Proponents' suggestion, the reorganization plan was not actually modified to accommodate the objections of only one particular creditor. DJS Properties was hardly alone in objecting to the original reorganization plan.[3]  What is more, to the extent

---

[3] Objections to the original reorganization plan were filed by PHH Mortgage Corp. (Docket 523), the US Trustee (Docket 527), the Internal Revenue Service (Docket 533), J.R. Simplot Company (Docket 543), as well as by DJS Properties L.P. (Docket 542). Upon reviewing Exhibit A (the

the Plan Proponents profess to have modified the plan to accommodate DJS Properties'

objections, they have not.  DJS Properties' objection to the original reorganization plan was

principally based on two things:  First, DJS Properties' Partnership Agreement is an executory

contract that cannot be assumed or assigned by Debtor.  Second, the exculpatory language of the

original plan was overly broad and contrary to the law.  Upon reviewing the modified plan, the

Plan Proponents still take the position that the partnership agreement is not an executory

contract—a position they intend to defend through litigation.  Likewise, the Plan Proponents are

still proposing a plan that contains impermissibly overbroad exculpatory terms.  In short, the

Modified Plan has not accommodated DJS Properties' objections.  Accordingly, DJS Properties

has the right to require the Plan Proponents to satisfy the provisions of § 1127 of the Bankruptcy

Code.

**IV.    CONCLUSION**

For all of the foregoing reasons, the Court should find that the Plan Proponents

have not satisfied the disclosure and solicitation requirements of 11 U.S.C. 1127.

DATED this 9th day of May, 2007.

TONKON TORP LLP


By */s /William R. Snyder*
　　　William R. Synder
　　　Of Attorneys for DJS Properties, L.P.

033543\00001\758955 V001

_____

black-lined version of the Modified Plan), it is evident that the plan's present modifications reach
well beyond concerns raised by DJS Properties.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 9, 2007, I filed the foregoing electronically through the CM/ECF system, which caused the following to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Ada County Treasurer | trbankrupt@adaweb.net<br>bankruptcy@adaweb.net |
| Bruce A Anderson | baafiling@ejame.com |
| Eric R Bjorkman | Ebjorkman@perkinscoie.com<br>Lloyd@perkinscoie.com |
| Steven W Boyce | sboyce@justlawidaho.com |
| Warren S Derbidge | Warren.derbidge@usdoj.gov |
| Charles R Ekberg | ekbergc@lanepowell.com<br>jgows@lanepowell.com |
| Robert A Faucher | rfaucher@hollandhart.com<br>aabrown@hollandhart.com<br>boiseintaketeam@hollandhart.com |
| Brad Goergen | bagoergen@hollandhart.com<br>boiseintaketeam@hollandhart.com<br>chardesty@hollandhart.com |
| Daniel C. Green | dan@racinelaw.net<br>ajc@racinelaw.net |
| J.R. Simplot Company | tree.metcalfe@simplot.com |
| John S. Kaplan | jkaplan@perkinscoie.com |
| John F Kurtz | jfk@hteh.com<br>srs@hteh.com |
| Lance A Loveland | love9593@pmt.org |
| Jed W Manwaring | jmanwaring@evanskeane.com |
| Gary L McClendon | gary.mcclendon@usdoj.gov |
| Kelly Greene McConnell | litigation@givenspursley.com<br>s284@givenspursley.com |

| | |
|---|---|
| Joseph M Meier | jmeier@cosholaw.com |
| | jbean@cosholaw.com |
| Craig Miller | craigmiller@dwt.com |
| | melissageraghty@dwt.com |
| Harold Q Noack, Jr. | pete@noacklaw.com |
| | nancy@noacklaw.com |
| Jan Samuel Ostrovsky | jostrovsky@crockerkuno.com |
| | nancy@crockerduno.com |
| Randall A Peterman | rap@moffatt.com |
| | alj@moffatt.com |
| | kad@moffatt.com |
| | ecf@moffatt.com |
| | moffattthomas@hotmail.com |
| Larry E Prince | lprince@hollandhart.com |
| | chardesty@hollandhart.com |
| | boiseintaketeam@hollandhart.com |
| Janine P. Reynard | Janine.P.Reynard@usdoj.gov |
| Michael G Schmidt | mgs@lukins.com |
| | jwm@lukins.com |
| Jerome Shulkin | mepelbaum@shulkin.com |
| W Ben Slaughter, III | wbs@elamburke.com |
| | ksk@elamburke.com |
| William L Smith | wsmith@idalaw.com |
| | amcneese@idalaw.com |
| US Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Washington Trust Bank | bknotices@watrust.com |
| Paul L Westberg | lwstbrg@cableone.net |
| | mklinford@cableone.net |
| | purplepenguin@cableone.net |
| Jeffrey M Wilson | jeff@wilsonmccoll.com |

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

American Marine Bank                              [√]    U.S. Mail, Postage Prepaid
c/o Bradford Anderson                             [ ]    Hand Delivered
Betts, Patterson & Mines, P.S.                    [ ]    Facsimile
One Convention Place, Suite 1400
701 Pike St.
Seattle, WA 98101-3927


American Marine Bank                              [√]    U.S. Mail, Postage Prepaid
Attn: Barbara Swartling                           [ ]    Hand Delivered
P.O. Box 10788                                    [ ]    Facsimile
Bainbridge Island, WA 98110


Michael Ballantyne                                [√]    U.S. Mail, Postage Prepaid
Thornton Oliver Keller                            [ ]    Hand Delivered
250 S. Fifth Street, 2nd Floor                    [ ]    Facsimile
Boise, ID 83702


Bill Downs                                        [√]    U.S. Mail, Postage Prepaid
Bill Downs Auction Service, Inc.                  [ ]    Hand Delivered
P.O. Box 428                                      [ ]    Facsimile
119 N. Midland
Nampa, ID 83653


Bradley R. Duncan                                 [√]    U.S. Mail, Postage Prepaid
2600 Century Square                               [ ]    Hand Delivered
1501 Fourth Avenue                                [ ]    Facsimile
Seattle, WA 98101


The Commerce Bank of Washington, N.A.             [√]    U.S. Mail, Postage Prepaid
c/o Charles C. Robinson                           [ ]    Hand Delivered
Eighteenth Floor                                  [ ]    Facsimile
1191 Second Avenue
Seattle, WA 98101-2939


Frontier Bank and Ambassadors Cruise Group LLC    [√]    U.S. Mail, Postage Prepaid
c/o William L. Smith                              [ ]    Hand Delivered
Trout Jones Gledhill Fuhrman, P.A.                [ ]    Facsimile
POB 1097
Boise, ID 83701


Don J. Simplot                                    [√]    U.S. Mail, Postage Prepaid
P.O. Box 27                                       [ ]    Hand Delivered
Boise, ID 83707                                   [ ]    Facsimile

Washington Mutual                     [√]    U.S. Mail, Postage Prepaid
c/o Charles R. Ekberg                  [  ]    Hand Delivered
Lane Powell PC                          [  ]    Facsimile
1420 Fifth Ave Ste 4100
Seattle, WA  98101-2338


                                       */s/ William R. Snyder*
                                       William R. Snyder

033543\00001\758955 V001