~~Plan Administrator~~Estate Representative shall have the right and standing to process and bring on for final hearing claims objections filed before the Effective Date by Debtor or the Creditors' Committee.

### 8.2 No Distribution Pending Allowance.

Notwithstanding any other provision hereof, if any portion of a claim is a Disputed Claim, no payment or distribution provided hereunder shall be made on account of such claim unless and until such Disputed Claim becomes an Allowed Claim.

### 8.3 Estimation of Claims; Distribution Reserve.

#### 8.3.1 *Estimation of Claims.*

Debtor, the Creditors' Committee, or the ~~Plan Administrator~~Estate Representative, as applicable, may, at any time, request that the Bankruptcy Court estimate any contingent or unliquidated claim pursuant to section 502(c) of the Bankruptcy Code regardless of whether Debtor, the Creditors' Committee or the ~~Plan Administrator~~Estate Representative, as applicable, has previously objected to such claim or whether the Bankruptcy Court has ruled on any such objection, and the Bankruptcy Court will retain jurisdiction to estimate any claim at any time during litigation concerning any objection to any claim, including during the pendency of any appeal relating to any such objection. In the event that the Bankruptcy Court estimates any contingent or unliquidated claim, that estimated amount will constitute either the allowed amount of such claim or a maximum limitation on such claim, as determined by the Bankruptcy Court. If the estimated amount constitutes a maximum limitation on such claim, Debtor, the Creditors' Committee or the ~~Plan Administrator~~Estate Representative, as applicable, may elect to pursue any supplemental proceedings to object to any ultimate payment on such claim. All of the aforementioned claims and objection, estimation and resolution procedures are cumulative and not necessarily exclusive of one another. Claims may be estimated and subsequently compromised, settled, withdrawn or resolved by any mechanism approved by the Bankruptcy Court.

#### 8.3.2 *Distribution Reserve.*

From and after the Effective Date, and until such time as all Disputed Claims have been compromised and settled or determined by Final Order, the ~~Plan Administrator~~Estate Representative shall reserve for the benefit of each holder of a Disputed Claim, a portion of the Transferred Assets in an amount equal to the Pro Rata share of distributions which would have been made to the holder of such Disputed Claim if it were an Allowed Claim in an amount equal to the lesser of (i) the amount of such Disputed Claim, (ii) the amount in which the Disputed Claim shall be estimated by the Bankruptcy Court as described in Article 8.3.1 of this Plan or (iii) such other amount as may be agreed upon by the holder of such Disputed Claim and the ~~Plan Administrator~~Estate Representative, as applicable. Any Transferred Assets, as applicable, reserved and held for the benefit of a holder of a Disputed Claim shall be treated as a payment and reduction on account of such Disputed Claim for purposes of computing any additional

MODIFIED JOINT PLAN OF REORGANIZATION OF DEBTOR AND CREDITORS' COMMITTEE - 36

amounts to be distributed to such holder in the event the Disputed Claim ultimately becomes an Allowed Claim.

### 8.4 Distributions After Allowance.

To the extent that a Disputed Claim ultimately becomes an Allowed Claim, a distribution shall be made to the holder of such Allowed Claim in accordance with the provisions of this Plan. Within thirty (30) days after the date that the order or judgment of the Bankruptcy Court or other applicable court of competent jurisdiction allowing any Disputed Claim becomes a Final Order, the ~~Plan Administrator~~Estate Representative shall provide to the holder of such claim the distribution to which such holder is entitled under this Plan. After a Final Order has been entered, or other final resolution has been reached, with respect to each Disputed Claim (i) any property held in the Distribution Reserve shall be distributed Pro Rata to holders of Allowed Claims entitled thereto under the terms of this Plan and (ii) any cash or other property remaining in the Distribution Reserve shall become property of the applicable Creditors' Trust. All distributions made under this Article 8.4 on account of an Allowed Claim shall be made together with any payments, or other distributions made on account of, as well as any obligations arising from, the distributed property, as if such Allowed Claim had been an Allowed Claim on the dates of prior distributions.

## ARTICLE IX.
## CONDITIONS PRECEDENT TO CONFIRMATION AND CONSUMMATION OF THE PLAN

### 9.1 Conditions to Effective Date.

The following are conditions precedent to the occurrence of the Effective Date that must be (i) satisfied or (ii) waived in accordance with Article 9.2 below:

9.1.1 The Confirmation Date shall have occurred and the Confirmation Order confirming this Plan, as the same may have been modified, supplemented or amended, shall have been entered by the Bankruptcy Court.

9.1.2 The Confirmation Order shall have become a Final Order.

### 9.2 Waiver of Conditions.

The condition set forth in Article 9.1.2 above may be waived in whole or in part by Debtor and the Creditors' Committee, without any notice to parties in interest or the Bankruptcy Court and without a hearing. The failure to satisfy or waive any condition to the Effective Date may be asserted by Debtor and the Creditors' Committee regardless of the circumstances giving rise to the failure of such condition to be satisfied (including any action or inaction by Debtor or the Creditors' Committee). The failure of Debtor or the Creditors' Committee to exercise any of the foregoing rights shall not be deemed a waiver of any other rights, and each such right shall be deemed an ongoing right that may be asserted at any time.

9.3 **Effects of Failure of Conditions.**

If the conditions to occurrence of the Effective Date have not been satisfied or waived in accordance with Article 9.2 above on or before the first Business Day that is more than one-hundred seventy-nine (179) days after the Confirmation Date, or by such later date as is approved by the Bankruptcy Court after notice and a hearing, then on motion by Debtor and the Creditors' Committee made prior to the time that all of the conditions have been satisfied or waived, the Confirmation Order shall be vacated by the Bankruptcy Court; provided, however, that notwithstanding the filing of such a motion, the Confirmation Order shall not be vacated if all of the conditions to the occurrence of the Effective Date set forth in Article 9.1 above are either satisfied or waived prior to entry by the Bankruptcy Court of an order granting the relief requested in such motion. If the Confirmation Order is vacated pursuant to this Article 9.3, this Plan shall be null and void in all respects, and nothing contained in this Plan shall (a) constitute a waiver or release of any claims against or Interests in the Debtor or (b) prejudice in any manner the rights of the holder of any claim against or Interest in the Debtor.

## ARTICLE X.
## MODIFICATIONS AND AMENDMENTS

Debtor and the Creditors' Committee may alter, amend or modify this Plan or any exhibits thereto under section 1127(a) of the Bankruptcy Code at any time prior to the Confirmation Date and may include any such amended exhibits in this Plan or the Plan Supplement. After the Confirmation Date and prior to substantial consummation of this Plan, as defined in section 1101(2) of the Bankruptcy Code, the Debtor or the ~~Plan Administrator~~Estate Representative, as applicable, may, under section 1127(b) of the Bankruptcy Code, institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in this Plan, the Disclosure Statement, the Confirmation Order, or the Creditors' Trust Agreement, and such matters as may be necessary to carry out the purposes and effects of this Plan so long as such proceedings do not materially adversely affect the treatment of holders of claims or Interests under this Plan; provided, however, that prior notice of such proceedings shall be served in accordance with the Bankruptcy Rules or order of the Bankruptcy Court, with specific notice to the Executive Board and its respective counsel.

## ARTICLE XI.
## RETENTION OF JURISDICTION

Under sections 105(a) and 1142 of the Bankruptcy Code~~,~~ and~~,~~ notwithstanding entry of the Confirmation Order~~, Debtor's discharge, and~~ or the occurrence of the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction (except with respect to claims by the Creditors' Trust against third parties, wherein the Bankruptcy Court shall have original but not exclusive jurisdiction) over all matters arising out of, and related to, Debtor's Chapter 11 case, the bankruptcy estate, the Creditors' Trust, and this Plan to the fullest extent permitted by law, including, among other things, jurisdiction to:

11.1.1 Allow, disallow, determine, liquidate, classify, estimate or establish the priority, nature, validity or amount of any claim or Interest, including, but not limited to, the resolution of any request for payment of any administrative claim, the resolution of any

MODIFIED JOINT PLAN OF REORGANIZATION OF DEBTOR AND CREDITORS' COMMITTEE - 38

objections to the allowance or priority of claims, and the resolution of any adversary proceeding or contested matter to subordinate any claim or Interest under section 510 of the Bankruptcy Code or otherwise;

11.1.2 Hear and determine all applications for compensation and reimbursement of expenses of professionals under this Plan or under sections 330, 331, 503(b), 1103 and 1129(a)(4) of the Bankruptcy Code; provided, however, that from and after the Effective Date, the payment of the fees and expenses of the retained professionals of Debtor, the Creditors' Trust, the ~~Plan Administrator~~ Estate Representative, or the Executive Board shall be made in the ordinary course of business and shall not be subject to the approval of the Bankruptcy Court;

11.1.3 Hear and determine all matters with respect to the assumption or rejection of any executory contract or unexpired lease to which Debtor is a party or with respect to which Debtor may be liable, including, if necessary, the nature or amount of any required cure or the liquidation or allowance of any claims arising therefrom;

11.1.4 Effectuate performance of and payments under the provisions of this Plan;

11.1.5 Hear and determine any and all adversary proceedings, motions, applications, and contested or litigated matters arising out of, under, or related to, Debtor's Chapter 11 case, including, but not limited to, the Partnership Claims, the Causes of Action, the Contested Assets, and any Avoidance Actions;

11.1.6 Hear and determine any and all motions to subordinate claims or Interests at any time and on any basis permitted by applicable bankruptcy or non-bankruptcy law;

11.1.7 Enter such orders as may be necessary or appropriate to execute, implement or consummate the provisions of this Plan and all contracts, instruments, releases and other agreements or documents created in connection with this Plan, the Disclosure Statement or the Confirmation Order;

11.1.8 Hear and determine disputes arising in connection with the interpretation, implementation, consummation or enforcement of this Plan, including disputes arising under agreements, documents or instruments executed in connection with this Plan;

11.1.9 Consider any modifications of this Plan, cure any defect or omission or reconcile any inconsistency in any order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

11.1.10 Issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any entity with implementation, consummation or enforcement of this Plan or the Confirmation Order;

11.1.11 Enter and implement such orders as may be necessary or appropriate if the Confirmation Order is for any reason reversed, stayed, revoked, modified or vacated;

MODIFIED JOINT PLAN OF REORGANIZATION OF DEBTOR AND CREDITORS' COMMITTEE - 39

11.1.12    Hear and determine any matters arising in connection with or relating to this Plan, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release or other agreement or document created in connection with this Plan, the Disclosure Statement or the Confirmation Order;

11.1.13    Enforce all orders, judgments, injunctions, releases, exculpations, indemnifications and rulings entered in connection with the Debtor's Chapter 11 case;

11.1.14    Recover all assets of Debtor or the Creditors' Trust and property of Debtor's estate, wherever located;

11.1.15    Hear and determine matters concerning state, local and federal taxes in accordance with sections 346, 505 and 1146 of the Bankruptcy Code;

11.1.16    Hear and determine such other matters as may be provided in the Confirmation Order or as may be authorized under, or not inconsistent with, provisions of the Bankruptcy Code;

11.1.17    Monitor Debtor's actions pertaining to his obligations under this Plan and the Creditors' Trust Agreement, including without limitation under Article 5.5 hereof; and

11.1.18    Enter a final decree closing Debtor's Chapter 11 case after termination of the Trust.

## ARTICLE XII.
## EFFECTS OF CONFIRMATION

**12.1    Discharge.**

~~The rights afforded in this Plan shall be in exchange for and in complete satisfaction and release of all claims and Interests of any nature against Debtor or Debtor's properties, both prior to, and from and after, the commencement of this Chapter 11 case through the Confirmation Date; and, except as otherwise provided in this Plan, on the Effective Date all such claims against and Interests in Debtor shall be satisfied, discharged and released in full, and shall be treated only as provided for in this Plan. Upon transfer of all of the Transferred Assets to~~ Upon the termination of the Creditors' Trust as provided in Section 8.1 of the Creditors' Trust Agreement, Debtor will be deemed to have completed all payments under the Plan as described in Bankruptcy Code section 1141(d)(5). Immediately thereafter Debtor shall be discharged from all debts as described in Bankruptcy Code section 1141(d)(1). Notwithstanding the foregoing, any person whose claim against Debtor is non-dischargeable pursuant to section 523 of the Bankruptcy Code shall have recourse on and after the Effective Date against Debtor but not against the Creditors' Trust, against the Transferred Assets, the Retained Assets, the Reserve or against Debtor's (except as provided under applicable non-bankruptcy law) otherwise exempt assets which are described as the ~~Retained Assets.~~ Exempt Assets. Nothing herein, however, shall be construed as a limitation on Debtor from objecting to or otherwise opposing any request

MODIFIED JOINT PLAN OF REORGANIZATION OF DEBTOR AND CREDITORS' COMMITTEE - 40

<u>to delay the entry of a discharge under Bankruptcy Code Section 1141(d) beyond five years of the Effective Date of the Plan.</u>

### 12.2 Binding Effect.

This Plan shall be binding on and inure to the benefit of Debtor, all current and former holders of claims against Debtor and their respective successors and assigns, and all other parties-in-interest in Debtor's Chapter 11 case.

### 12.3 Authorization of Further Action.

The entry of the Confirmation Order shall constitute a direction to and authorization for the Executive Board, the Trustee, the ~~Plan Administrator~~<u>Estate Representative</u> and Debtor to take or cause to be taken any action necessary or appropriate to consummate the transactions contemplated by this Plan and any related documents or agreements prior to and through the Effective Date, and all such actions taken or caused to be taken in accordance with the provisions of this Plan shall be deemed to have been authorized and approved by the Bankruptcy Code without the need for any additional authorizations, approvals or consents.

### 12.4 ~~Exculpation.~~ <u>[Intentionally omitted.]</u>

~~Debtor, the Creditors' Committee, the members of the Creditors' Committee, the Plan Administrator, the Trustee, and the agents, attorneys, and accountants of any of the foregoing shall not have any liability to any holder of any claim or Interest or other Person for any act or omission in connection with or arising out of the administration of this Chapter 11 Case, including, without limitation, the negotiation, preparation and pursuit of Confirmation of the Plan, the consummation of the Plan, the administration of the Creditors' Trust, the Plan or the property to be distributed under the Creditors' Trust Agreement and the Plan, except for liability based on willful misconduct or gross negligence as finally determined by the Bankruptcy Court. Debtor, the Creditors' Committee, the members of the Creditors' Committee, the Plan Administrator, the Trustee, and the agents, attorneys, and accountants of any of the foregoing shall be entitled to rely, in every respect, upon the advice of counsel with respect to their duties and responsibilities under the Plan and the Creditors' Trust Agreement.~~

### 12.5 Injunction.

Except as otherwise expressly provided in this Plan, <u>including Section 3.3.1,</u> all holders of claims against or Interests in Debtor<u>, the Exempt Assets or the Transferred Assets</u> are permanently enjoined, from and after the Effective Date, from (1) commencing or continuing in any manner any action or other proceeding of any kind on any such claim against or Interest in Debtor ~~or~~<u>, the Exempt Assets or the Transferred Assets</u> against the ~~property dealt with by this Plan,~~<u>Exempt Assets, the Transferred Assets or</u> the Creditors' Trust ~~or Debtor's estate~~; (2) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against the ~~property dealt with by this Plan,~~<u>Exempt Assets, the Transferred Assets or</u> the Creditors' Trust ~~or Debtor's estate~~; and (3) creating, perfecting or enforcing any encumbrance or any kind against the ~~property or interests in property of~~<u>Exempt Assets, the Transferred Assets or</u> the Creditors' Trust~~, Debtor's estate or property dealt with by~~

<u>MODIFIED</u> JOINT PLAN OF REORGANIZATION OF DEBTOR AND CREDITORS' COMMITTEE - 41

~~this Plan.~~ Further, all creditors filing claims in this bankruptcy case shall on the Effective Date be required to dismiss Debtor from any action filed in any court other than the Bankruptcy Court, which includes but is not limited to the following:

12.5.1 *Citicorp USA, Inc vs. Don Simplot*, Case No. 604047/05 in Supreme Court of State of New York.

12.5.2 *Citicapital Commercial vs. Don Simplot*, Case No. CV-05-2033 in U.S. District Court for the District of Western Washington.

12.5.3 Any continuing action by *Rhodes Asset Management vs. Don Simplot*, Case No. *04-2-12588* in Superior Court of King County Washington or filed in an action instituted in the State of Idaho.

<u>Notwithstanding the foregoing provisions of this Section 12.5, 11 U.S.C. § 362 shall continue to apply according to its terms.</u>

### 12.6 Releases.

12.6.1 Nothing in this Plan shall release any Person (other than Debtor's estate and the Creditors' Trust) from any claims, obligations, rights, Causes of Action, demands, suits, proceedings or liabilities based on any act or omission arising out of such Person's fraud, breach of fiduciary duty, malpractice, gross negligence or willful misconduct. ~~Trustee and the Executive Board, on behalf of the Creditors' Trust, shall have the right to pursue such rights of action, including the rights under section 502(d) of the Bankruptcy Code as a defensive measure, including for purposes of setoff against distributions, if any, due to a holder of a claim or Interest pursuant to this Plan, and such rights shall be exercised exclusively by Trustee and the Executive Board.~~

12.6.2 To the fullest extent permitted by applicable law, neither the Creditors' Committee, nor any of their respective members ~~or attorneys~~, shall have or incur any liability to any holder of a claim against or an Interest in Debtor, or any other party in interest, or any of their respective officers, directors, subsidiaries, affiliates, members, managers, shareholders, partners, representatives, employees, attorneys or agents or any of their respective successors and assigns, for any <u>pre-Confirmation Date</u> act or omission in connection with, relating to, or arising out of, the <u>administration of this</u> Chapter 11 case, the solicitation of acceptances of this Plan, <u>and</u> the pursuit of Confirmation of this Plan, ~~the consummation of this Plan or the administration of this Plan or the property to be distributed under this Plan,~~ except for their fraud, breach of fiduciary duty, ~~or willful misconduct, and in all respects shall be entitled to reasonably rely on the advice of counsel with respect to their duties and responsibilities under this Plan~~<u>willful misconduct, or gross negligence as finally determined by the Bankruptcy Court</u>.

### 12.7 Rights of Action.

Except as otherwise provided elsewhere in the Plan, on and after the Effective Date, ~~the Plan Administrator will~~<u>Trustee and the Executive Board on behalf of the Creditors' Trust, and, as to the Retained Assets, the Estate Representative,</u> shall have the exclusive right to enforce any

<u>MODIFIED</u> JOINT PLAN OF REORGANIZATION OF DEBTOR AND CREDITORS' COMMITTEE - 42

and all present or future powers, rights, claims, or causes of action of Debtor and the bankruptcy estate against any person, and rights of Debtor that arose before the Effective Date, including, but not limited to, powers, rights, claims, causes of action, avoiding powers, suits and proceedings arising under sections 544, 545, 547, 548, 549, 550 and 553 of the Bankruptcy Code, where applicable. The Plan Administrator may, in its sole discretion, In addition to the foregoing, the Estate Representative and, as applicable, the Trustee, shall also have the exclusive right to, in the exercise of the sole discretion of the Estate Representative or, as applicable, the Trustee: (i) pursue rights under section 502(d) of the Bankruptcy Code as a defensive measure, including for purposes of setoff against distributions, if any, due to a holder of a claim or Interest pursuant to this Plan; and (ii) offset any such claim held against a person against any payment due such person under the Plan.

## ARTICLE XIII.
## COMPROMISES AND SETTLEMENTS; ASSET SALES

### 13.1 Compromises and Settlements.

After the Effective Date, the Estate Representative may compromise and settle various claims against the bankruptcy estate and/or claims the bankruptcy estate may have against other Persons, in accordance with the provisions of this Plan. After the Effective Date, Trustee may compromise and settle various claims against the Creditors' Trust and/or claims the Creditors' Trust may have against other Persons, in accordance with the provisions of this Plan and the Creditors' Trust Agreement. Bankruptcy Court approval shall not be necessary except to the extent set forth in the Creditors' Trust Agreement, but nothing herein shall prohibit Trustee from seeking Bankruptcy Court approval if he in his discretion deems it desirable. Debtor expressly reserves the right (with Bankruptcy Court approval, following appropriate notice and opportunity for a hearing) to compromise and settle claims against him and claims that he may have against other Persons up to and including the Effective Date.

### 13.2 Asset Sales.

After the Effective Date, the Estate Representative may sell the Retained Assets in accordance with the provisions of this Plan. After the Effective Date, Trustee may sell the assets of the Creditors' Trust, in accordance with the provisions of this Plan and the Creditors' Trust Agreement. Bankruptcy Court approval shall not be necessary except to the extent set forth in Articles 3.3.1 or 3.3.2 hereof or the Creditors' Trust Agreement, but nothing herein shall prohibit Trustee from seeking Bankruptcy Court approval if he in his discretion deems it desirable. Debtor expressly reserves the right (with Bankruptcy Court approval, following appropriate notice and opportunity for a hearing) to sell assets of the bankruptcy estate up to and including the Effective Date.

## ARTICLE XIV.
## MISCELLANEOUS PROVISIONS

### 14.1 Bar Dates for Certain Claims.

MODIFIED JOINT PLAN OF REORGANIZATION OF DEBTOR AND CREDITORS' COMMITTEE - 43

### 14.1.1 *Administrative Claims.*

The Confirmation Order shall establish the "Administrative Claims Bar Date" for filing administrative claims (other than (i) claims previously allowed by the Bankruptcy Court, (ii) the claims of professionals employed in the cases ("Professional Fee Claims") and (iii) claims for reimbursement of the expenses of the members of the Creditors' Committees), which date shall be thirty (30) days after the Confirmation Date. Holders of asserted administrative claims, except for Professional Fee Claims, United States Trustee fees or the expenses of the members of the Creditors' Committee, whose claims were not paid prior to the Confirmation Date, shall submit requests for payment of administrative expenses on or before such Administrative Claims Bar Date or forever be barred from doing so. The notice of entry of the Confirmation Order to be delivered pursuant to Fed. R. Bankr. P. 3020(c) and 2002(f) shall set forth such date and constitute notice of the Administrative Claims Bar Date. Debtor or the ~~Plan Administrator~~Estate Representative, as the case may be, shall have sixty (60) days (or such longer period as may be allowed by order of the Bankruptcy Court) following the Administrative Claims Bar Date to review and object to such administrative claims before a hearing for determination of allowance of such administrative claims.

### 14.1.2 *Professional Fee Claims; Substantial Contribution Claims.*

All final requests for compensation or reimbursement of expenses pursuant to sections 327, 328, 330, 331, 503(b) or 1103 of the Bankruptcy Code for services rendered to Debtor or the Creditors' Committee prior to or through the Effective Date (including requests under section 503(b)(4) of the Bankruptcy Code by any professional or other entity for making a substantial contribution in Debtor's Chapter 11 case) shall be filed and served on Debtor and his counsel, the Creditors' Committee and its counsel, the ~~Plan Administrator~~Estate Representative, and the Office of the United States Trustee, as well as those parties filing notices of appearance in these cases or otherwise requesting notice of such application, no later than fifteen (15) days after the Effective Date, unless otherwise ordered by the Bankruptcy Court. Objections to applications of such professionals or other entities for compensation or reimbursement of expenses shall be filed and served on Debtor and his counsel, the Creditors' Committee and its counsel, the ~~Plan Administrator~~Estate Representative, the Office of the United States Trustee, and the requesting professional or other entity within the time allotted by the Bankruptcy Rules. Any professional holding a retainer provided by Debtor shall return such retainer (less amounts for compensation or reimbursement of expenses as approved by the Bankruptcy Court) to the ~~Plan Administrator~~Estate Representative within ten (10) days of the entry of a Final Order pertaining to such application.

### 14.2 Payment of ~~Plan Administrator~~Estate Representative's Fees Incurred Prior to the Effective Date.

Subject to the approval of the Executive Board, the ~~Plan Administrator~~Estate Representative is entitled to pay himself on the Effective Date from the Reserve for fees arising in respect of his efforts prior to the Effective Date. It is not necessary that this payment be approved by the Bankruptcy Court.

MODIFIED JOINT PLAN OF REORGANIZATION OF DEBTOR AND CREDITORS' COMMITTEE - 44

### 14.3  Payment of Statutory Fees.

All fees payable under section 1930 of title 28 the United States Code accruing on or before the Confirmation Date, as determined by the Bankruptcy Court at the Confirmation Hearing, shall be paid on or before the Effective Date. All such fees that arise after the Effective Date but before the closing of the Chapter 11 case shall be paid by the Creditors' Trust. For the purposes of determining the amount of the fees payable, the conveyance of the Transferred Assets, any remaining Reserves and, subject to the provisions of Section 5.1.2.2(b) of this Plan, the Retained Assets to the Creditors' Trust shall not be deemed a "disbursement" under 28 U.S.C. § 1930(a)(6). The transfer to the Debtor's retention of the Retained Exempt Assets shall also not be deemed to be a "disbursement," and The Trustee's distribution of cash proceeds of payments from the Creditors' Trust to holders of Allowed Claims in Class 5 and Allowed Claims for priority taxes and the payment of the amounts held in the Reserve to the holders of Allowed Claims described in Articles III and IV shall not be deemed "disbursements." The Trustee shall file an abbreviated monthly report with the U.S. Trustee's office setting forth the gross receipts of and the gross payments from the Creditors' Trust and the Reserve.

### 14.4  Severability of Plan Provisions.

If, prior to entry of the Confirmation Order, any term or provision of this Plan is held by the Bankruptcy Court to be invalid, void or unenforceable, the Bankruptcy Court, at the request of the Creditors' Committee, and with the prior consent of Debtor, shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision shall then be applicable as so altered or interpreted. Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of this Plan shall remain in full force and effect and shall in no way be affected, impaired or invalidated by such holding, alteration or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of this Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

### 14.5  Successors and Assigns.

The rights, benefits and obligations of any Person named or referred to in this Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of that Person.

### 14.6  Term of Injunctions or Stays.

Unless otherwise provided herein or in the Confirmation Order, all injunctions or stays in effect in the Chapter 11 cases under sections 105 or 362 of the Bankruptcy Code or any order of the Bankruptcy Court, and in existence on the Confirmation Date (excluding any injunctions or stays contained in this Plan or the Confirmation Order), shall remain in full force and effect until the Effective Date. All injunctions or stays contained in this Plan or the Confirmation Order shall remain in full force and effect in accordance with their terms.

MODIFIED JOINT PLAN OF REORGANIZATION OF DEBTOR AND CREDITORS' COMMITTEE - 45

### 14.7 Revocation, Withdrawal or Non-Consummation.

Debtor and the Creditors' Committee each reserves the right to revoke or withdraw this Plan at any time prior to the Confirmation Date and to file other plans of reorganization. If Debtor or the Creditors' Committee revokes or withdraws this Plan or if Confirmation does not occur, or if the Confirmation Order is vacated pursuant to Article 9.3 of this Plan, then (i) this Plan shall be null and void in all respects; (ii) any settlement or compromise embodied in this Plan (including the fixing or limiting to an amount any claim or Interest or Class of claims or Interests), assumption or rejection of executory contracts or leases effected by this Plan, and any document or agreement executed pursuant to this Plan shall be deemed null and void; and (iii) nothing contained in this Plan, and no acts taken in preparation for consummation of this Plan, shall (a) constitute or be deemed to constitute a waiver or release of any claims by or against, or any Interests in, Debtor or any other Person; (b) prejudice in any manner the rights of Debtor or any Person in any further proceedings involving Debtor; or (c) constitute an admission of any sort by Debtor or any other Person.

### 14.8 Creditors' Committee.

On the Effective Date, the duties of the Creditors' Committee shall terminate, except with respect to any appeal of an order in the Debtor's Chapter 11 case, proceedings with regard to objections to claims and applications for professional fees; provided, however, that the exculpation provided for in Article 12.4 and the release provided in Article 12.6.2 shall survive such termination of the Creditors' Committee.

### 14.9 Plan Supplement.

Any and all exhibits, lists or schedules referred to herein but not filed with this Plan shall be contained in the Plan Supplement and filed with the Clerk of the Bankruptcy Court at least fourteen days prior to the date of the commencement of the Confirmation Hearing. Thereafter, any Person may examine the Plan Supplement in the office of the Clerk of the Bankruptcy Court during normal court hours. Holders of claims or Interests may obtain a copy of the Plan Supplement on written request to Debtor in accordance with Article 14.9 below.

### 14.10 Notices to Debtors and Creditors' Committees.

Any notice, request or demand required or permitted to be made or provided to or on Debtor or the Creditors' Committee under this Plan shall be (i) in writing, (ii) served by (a) certified mail, return receipt requested; (b) hand delivery; (c) overnight delivery service; (d) first class mail; or (e) facsimile transmission, and (iii) deemed to have been duly given or made when actually delivered or, in the case of notice by facsimile transmission, when received and telephonically confirmed, addressed as follows:

if to Debtor:

> Don J. Simplot
> P.O. Box 27
> Boise, ID 83707

MODIFIED JOINT PLAN OF REORGANIZATION OF DEBTOR AND CREDITORS' COMMITTEE - 46

with a copy to Debtor's counsel:

>    Jerome Shulkin
>    Shulkin Hutton, Inc., P.S.
>    2101 Fourth Avenue, Suite 200
>    Seattle, WA 98121
>    Telephone: (206) 623-3515
>    Facsimile: (206) 682-9289
>
>    Joseph M. Meier
>    Cosho, Humphrey, LLP
>    P.O. Box 9518
>    Boise, ID 83707-9518
>    Telephone: (208) 344-7811
>    Facsimile: (208) 338-3290

if to the Creditors' Committee:

>    Larry E. Prince
>    Robert A. Faucher
>    Brad A. Goergen
>    HOLLAND & HART LLP
>    Suite 1400, U.S. Bank Plaza
>    101 South Capitol Boulevard
>    P.O. Box 2527
>    Boise, ID 83701-2527
>    Telephone: (208) 342-5000
>    Facsimile: (208) 343-8869
>
>    Attorneys for the Official Committee of Unsecured Creditors

Any party listed above may alter the address for receiving notice hereunder by filing a notification of such alteration with the Bankruptcy Court.

### 14.11 Governing Law.

Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules), the laws of the ~~State~~state of Idaho shall govern the construction and implementation of this Plan and any agreements, documents, and instruments executed in connection with this Plan.

### 14.12 Conflict with the Creditors' Trust Agreement.

In the event of any express conflict between the terms of this Plan and the terms of the Creditors' Trust Agreement, the terms of this Plan shall control.

14.13 Closure of the Bankruptcy Case.

This bankruptcy case shall be closed, and Debtor's estate shall be deemed fully administered pursuant to Bankruptcy Rule 3022, contemporaneously with the termination of the Creditors' Trust.

*[Signature page to follow.]*

MODIFIED JOINT PLAN OF REORGANIZATION OF DEBTOR AND CREDITORS' COMMITTEE - 48

Dated: ~~December~~ ~~, 2006.~~March 28, 2007.

DON J. SIMPLOT
Debtor and Debtor-in-Possession

~~By:~~ _____
By: Signature to be provided in supplemental pleading
    Don J. Simplot

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

By: /s/   ~~Chuck Foisie~~ By Tom Hammons Acting ~~Chairman~~
    Chuck Foisie, Chairman

SHULKIN, HUTTON, INC., P.S.

By: ____/s/ Jerome Shulkin_____
    Jerome Shulkin, of the firm

and

COSHO HUMPHREY, LLP

By: _____/s/ Joseph M. Meier_____
    Joseph M. Meier, of the firm
    Attorneys for Debtor and Debtor-in-Possession

HOLLAND & HART LLP

By: _____/s/ Larry Prince_____
    Larry E. Prince, of the firm
    Attorneys for the Official Committee of Unsecured Creditors

MODIFIED JOINT PLAN OF REORGANIZATION OF DEBTOR AND CREDITORS' COMMITTEE