Randall A. Peterman, ISB No. 1944
MOFFATT, THOMAS, BARRETT, ROCK &
    FIELDS, CHARTERED
101 S. Capitol Blvd., 10th Floor
Post Office Box 829
Boise, Idaho 83701
Telephone (208) 345-2000
Facsimile (208) 385-5384
rap@moffatt.com
15-924.4

Attorneys for J. R. Simplot Company

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>DON J. SIMPLOT,<br><br>                  Debtor. | Case No. 06-00002-TLM<br>Chapter 11<br><br>**J. R. SIMPLOT COMPANY AND SHAREHOLDER: (A) LIST OF WITNESSES TO BE CALLED AT THE CONFIRMATION HEARING; (B) NOTICE OF INTENT TO CROSS-EXAMINE WITNESSES; (C) DISCLOSURE OF ALL WRITTEN EXHIBITS TO BE PRODUCED AT THE CONFIRMATION HEARING (FILED UNDER SEAL); AND (D) WRITTEN MEMORANDUM OF LAW REGARDING CONFIRMATION ISSUES** |

COME NOW J. R. Simplot Co. ("Company") and certain shareholders of the J.R.

Simplot Co. ("Shareholders") and file this J. R. Simplot Company and Shareholder: (a) List of

Witnesses to be Called at the Confirmation Hearing; (b) Notice of Intent to Cross-Examine

**J. R. SIMPLOT COMPANY AND SHAREHOLDER: (A) LIST OF WITNESSES TO BE
CALLED AT THE CONFIRMATION HEARING; (B) NOTICE OF INTENT TO
CROSS-EXAMINE WITNESSES; (C) DISCLOSURE OF ALL WRITTEN EXHIBITS
TO BE PRODUCED AT THE CONFIRMATION HEARING (FILED UNDER SEAL);
AND (D) WRITTEN MEMORANDUM OF LAW REGARDING CONFIRMATION
ISSUES - 1**

Witnesses; (c) Disclosure of All Written Exhibits to be Produced at the Confirmation Hearing; and (d) Written Memorandum of Law Regarding Confirmation Issues ("Notice"). The Company and the Shareholders file this Notice in accordance with: (a) the Scheduling Order and Notice of Hearing ("Scheduling Order") entered by this Court on March 20, 2007; (b) the Stipulated Order and Protective Order Regarding Rule 2004 Exams and Confidentiality (Simplot Parties) ("Protective Order"); and (c) applicable local rules. The Company and the Shareholders further file this Notice as parties who timely objected to the Modified Joint Plan of Reorganization of Debtor and Creditors' Committee ("Modified Plan"), as required in the Scheduling Order.

### (a) List of Witnesses to be Called at the Confirmation Hearing

Neither the Company nor the Shareholders intend to call any witnesses at the confirmation hearing, other than rebuttal witnesses. The Company and the Shareholders reserve the right to call such rebuttal witnesses, if necessary.

### (b) Notice of Intent to Cross-Examine Witnesses

Pursuant to Local Bankruptcy Rule 9014.2, the Company and the Shareholders hereby give notice of their intent to cross-examine and all witnesses that may be called by any other party to this case.

### (c) Disclosure of All Written Exhibits to be Produced at the Confirmation Hearing

The Company and the Shareholders do hereby disclose their intent to introduce those exhibits identified on Exhibit I attached hereto. Those exhibits are classified as follows: (a) a copy of the Modified Plan, black-lined to indicate changes from the original Plan; (b) a copy of the Modified Creditors' Trust Agreement, black-lined to indicate change from the

**J. R. SIMPLOT COMPANY AND SHAREHOLDER:  (A) LIST OF WITNESSES TO BE CALLED AT THE CONFIRMATION HEARING; (B) NOTICE OF INTENT TO CROSS-EXAMINE WITNESSES; (C) DISCLOSURE OF ALL WRITTEN EXHIBITS TO BE PRODUCED AT THE CONFIRMATION HEARING (FILED UNDER SEAL); AND (D) WRITTEN MEMORANDUM OF LAW REGARDING CONFIRMATION ISSUES - 2**

original Creditors' Trust Agreement; (c) the Protective Order and; (d) those documents which the

Company and the Shareholders understand govern their relationship with the Debtor.  The

Company and the Shareholders further request that this Court take judicial notice of those

documents (previously filed with the Court) identified on Exhibit II.

The Company and the Shareholders understand that neither of the plan

proponents, nor DJS Properties, L.P., object to the introduction of these exhibits.

All documents identified under Paragraph (d) above (i.e., those documents which

the Company and the Shareholders understand govern their relationship with the Debtor) are

submitted to the Court under the following provisions of Paragraph 17(a) and (b) of the

Protective Order, and (to the extent applicable) Local Bankruptcy Rule 5003.2:

**17.    SUBMISSION OF CONFIDENTIAL INFORMATION TO THE COURT.**

(a)      All Simplot Businesses' Confidential Information, and any pleading or other paper containing Simplot Businesses' Confidential Information filed with this Court shall be filed under seal in accordance with the procedures of this Court.

(b)      Should a Party wish to introduce Simplot Businesses' Confidential Information as an exhibit in an evidentiary hearing, such Simplot Businesses' Confidential Information shall be submitted under seal in accordance with applicable procedures of this Court.  In the unlikely event that such sealed submission is not permitted, then the Party seeking to introduce the evidence shall retain the right to argue that such evidence shall be admitted other than under seal.

Because the Debtor, the Creditors Committee, and DJS are all parties who

stipulated to and are bound by the terms of the Protective Order, the Company and the

**J. R. SIMPLOT COMPANY AND SHAREHOLDER:  (A) LIST OF WITNESSES TO BE CALLED AT THE CONFIRMATION HEARING; (B) NOTICE OF INTENT TO CROSS-EXAMINE WITNESSES; (C) DISCLOSURE OF ALL WRITTEN EXHIBITS TO BE PRODUCED AT THE CONFIRMATION HEARING (FILED UNDER SEAL); AND (D) WRITTEN MEMORANDUM OF LAW REGARDING CONFIRMATION ISSUES - 3**

Shareholders are providing copies of such documents to such parties, with the understanding that they are confidential and provided under seal.

### (d) Written Memorandum of Law Regarding Confirmation Issues

In its Objection to Confirmation of Modified Plan of Reorganization of Debtor and Creditors' Committee, filed by J. R. Simplot Co. ("Modified Objection"), and in the Joinder to such Modified Objection filed by the Shareholders, the Company and the Shareholders briefed their objections to the Modified Plan. That briefing will not be repeated here; supplemental issues that have arisen since the filing of the Modified Objection are outlined below.

**1.      The plan proponents' unwillingness to further modify the Modified Plan**

The Company and the Shareholders would note that many of their objections could be satisfied if the plan proponents were amenable to four simple and forthright concepts:

(a)      Acknowledgement that the ROE/Trustee under the Modified Plan is a "garden variety" trustee, with all of the rights, powers, duties and responsibilities of any other trustee in the bankruptcy system.

(b)      Acknowledgement that this Court should have judicial oversight of the activities of the ROE/Trustee, just as any other trustee is subject to such judicial oversight.

(c)      Acknowledgement that the Protective Order applies to the ROE/Trustee, as anticipated by the parties and ordered by this Court.

(d)      Execution, in some form acceptable to the Company and the Shareholders and this Court, of a confidentiality agreement regarding information which the ROE/Trustee may obtain *qua* a shareholder of the Company.

**J. R. SIMPLOT COMPANY AND SHAREHOLDER: (A) LIST OF WITNESSES TO BE CALLED AT THE CONFIRMATION HEARING; (B) NOTICE OF INTENT TO CROSS-EXAMINE WITNESSES; (C) DISCLOSURE OF ALL WRITTEN EXHIBITS TO BE PRODUCED AT THE CONFIRMATION HEARING (FILED UNDER SEAL); AND (D) WRITTEN MEMORANDUM OF LAW REGARDING CONFIRMATION ISSUES - 4**                                    BOI_MT2:648874.1

As a plan proponent, the Debtor has indicated some willingness to consider these matters. The Creditors Committee ("CC"), on the other hand, refuses to resolve any such issues. As a result, the Company and the Shareholders anticipate that those issues will be resolved at confirmation.

**2.      The interpretation of Section 12.6.2 of the Modified Plan**

Since filing its Modified Objection counsel for the Company has been advised that he misread Section 12.6.2 of the Modified Plan, and that he misread that provision to indicate that the professionals of the CC (rather than the CC itself) would be released from any and all liability upon confirmation of the Modified Plan. Counsel for the Company acknowledges that he misread this provision of the Modified Plan, and acknowledges that such provision does not provide for the release of the professionals of the CC.

**3.      This Court's prior ruling in the case of JZ, LLC (06.4 IBCR 110)**

In its Modified Objection, the Company relied heavily upon the provisions of Sections 365 and 1123, and upon the decision of *In re Dynamic Tooling Systems, Inc.,* 349 B.R. 847 (Bankr. D. Kan. 2006), in arguing that the plan proponents must, prior to confirmation: (a) identify those contracts between the Debtor, on the one hand, and the Company and the Shareholders, on the other hand, which the plan proponents deem to be executory contracts which can be assumed or rejected under Section 365 or Section 1123 of the Bankruptcy Code; and (b) those parties' election as to whether they plan to assume or reject such contracts at or before the confirmation hearing set for May 16, 2007.

**J. R. SIMPLOT COMPANY AND SHAREHOLDER: (A) LIST OF WITNESSES TO BE CALLED AT THE CONFIRMATION HEARING; (B) NOTICE OF INTENT TO CROSS-EXAMINE WITNESSES; (C) DISCLOSURE OF ALL WRITTEN EXHIBITS TO BE PRODUCED AT THE CONFIRMATION HEARING (FILED UNDER SEAL); AND (D) WRITTEN MEMORANDUM OF LAW REGARDING CONFIRMATION ISSUES - 5**                                                      BOI_MT2:648874.1

Since that time, the Company has discovered at least one Idaho bankruptcy case *(In re JZ, LLC,* 06.4 IBCR 110 (Bankr. Id. 2006) which deals with the "ride through" of an executory contract relative to a confirmed plan. While that case is now on appeal to the Bankruptcy Appellate Panel for the Ninth Circuit, it remains instructive regarding the issues raised by *Dynamic Tooling,* and is clearly distinguishable from that case.

In *JZ, LLC,* the debtor had entered into a pre-petition licensing agreement with a third party Diamond Z. Debtor then filed a Chapter 11 petition in November of 2001, and failed to disclose the existence of this or any other executory contract. Neither the disclosure statement nor the plan which was confirmed in 2003 mentioned, or assumed or rejected, the executory contract. After confirmation, and on April 14, 2003, the case was closed.

The Debtor then filed suit against Diamond Z in state court on October of 2004. Diamond Z "raised Debtor's failure to disclose the Licensing Agreement in its bankruptcy as a defense to Debtor's standing, and in support of a claim of judicial estoppel." *Id.* at 111. Because the state court deferred the decision to the bankruptcy court, the Chapter 11 was reopened, after which the Debtor filed a motion "asking this Court for an order confirming the Licensing Agreement 'rode through' the bankruptcy case." *Id.* at 113. Under the particular facts of that case, this Court found that the Licensing Agreement "rode through" the chapter 11 case, such that there was no basis for a finding of judicial estoppel.

This Court held that "there is no bankruptcy impediment to the underlying state court trial." *Id.* at 114. More specifically, this Court held (a) that the Licensing Agreement "rode through" the bankruptcy; (b) that because the contract was breached (if at all) post-

**J. R. SIMPLOT COMPANY AND SHAREHOLDER: (A) LIST OF WITNESSES TO BE CALLED AT THE CONFIRMATION HEARING; (B) NOTICE OF INTENT TO CROSS-EXAMINE WITNESSES; (C) DISCLOSURE OF ALL WRITTEN EXHIBITS TO BE PRODUCED AT THE CONFIRMATION HEARING (FILED UNDER SEAL); AND (D) WRITTEN MEMORANDUM OF LAW REGARDING CONFIRMATION ISSUES - 6**

petition, the debtor had the post-petition right to sue upon it; and (c) that the doctrine of judicial

estoppel was inapplicable.

Under the facts of the *JZ, LLC* case, this Court adopted the concept of a "ride

through" of an executory contract, and held that,

> When an executory contract is not addressed by the debtor in a
> Chapter 11 plan or by separate motion, the doctrine applies and the
> contract becomes binding on the reorganized debtor. In this
> manner, the contract is unaffected by the bankruptcy and the
> interests of both parties to the contract are preserved.

*Id.,* quoting *In re Hernandez*, 287 B.R. 785, 801 (Bankr. D. Ariz. 2002). In coming to this

conclusion, this Court relied heavily upon Section 1141 of the Bankruptcy Code, which provides

that "Except as otherwise provided in the plan or the order confirming the plan, confirmation of a

plan vests all of the property of the estate in the debtor." Furthermore, this Court's holding was

based upon the Court's explicit finding that the cause of action in question accrued *post-petition,*

not *pre-petition.* Finally, this Court noted its concern that "the 'ride through' doctrine not be

viewed as an excuse to ignore or cavalierly deal with the serious duties of disclosure." *Id.,* at

113.

The facts of *JZ, LLC* are clearly distinguishable from the facts in the present case.

*JZ, LLC,* was a *post-confirmation* attempt by the debtor to argue the "ride through" of a contract

which was not breached until after the date of the filing of the petition in bankruptcy. The case

now before the Court involves a *confirmation* attempt by the debtor, not to argue the "ride

through" of certain contracts with Company, but to *delay* the date by which such contract must

be assumed or rejected. *JZ, LLC* involved an executory contract which was breached, if at all,

**J. R. SIMPLOT COMPANY AND SHAREHOLDER:  (A) LIST OF WITNESSES TO BE
CALLED AT THE CONFIRMATION HEARING; (B) NOTICE OF INTENT TO
CROSS-EXAMINE WITNESSES; (C) DISCLOSURE OF ALL WRITTEN EXHIBITS
TO BE PRODUCED AT THE CONFIRMATION HEARING (FILED UNDER SEAL);
AND (D) WRITTEN MEMORANDUM OF LAW REGARDING CONFIRMATION
ISSUES - 7**                                          BOI_MT2:648874.1

post-petition; this case involves no such facts. *JZ, LLC* implicated Section 1141; this case does

not. *JZ, LLC* involved an executory contract which was not scheduled, disclosed in the

disclosure statement, or disclosed in the plan; this case involves none of such factors. *JZ, LLC*

involved a contract which was clearly executory in nature; no party in this action has established

that the contracts between the Debtor and the Company are even executory in nature.

### Conclusion

Despite the Company's and the Shareholders' best efforts to resolve confirmation

issues with the Creditors Committee, those efforts have been unsuccessful. As a result, the

Company and the Shareholders anticipate that all issues raised by their objections will have to be

resolved at confirmation.

DATED this ___9th___ day of May, 2007.

MOFFATT, THOMAS, BARRETT, ROCK &
FIELDS, CHARTERED

By _____
Randall A. Peterman – Of the Firm
Attorneys for J. R. Simplot Company

**J. R. SIMPLOT COMPANY AND SHAREHOLDER: (A) LIST OF WITNESSES TO BE
CALLED AT THE CONFIRMATION HEARING; (B) NOTICE OF INTENT TO
CROSS-EXAMINE WITNESSES; (C) DISCLOSURE OF ALL WRITTEN EXHIBITS
TO BE PRODUCED AT THE CONFIRMATION HEARING (FILED UNDER SEAL);
AND (D) WRITTEN MEMORANDUM OF LAW REGARDING CONFIRMATION
ISSUES - 8**                                                    BOI_MT2:648874.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of May, 2007, I caused a true and correct copy of the foregoing **J. R. SIMPLOT COMPANY AND SHAREHOLDER: (A) LIST OF WITNESSES TO BE CALLED AT THE CONFIRMATION HEARING; (B) NOTICE OF INTENT TO CROSS-EXAMINE WITNESSES; (C) DISCLOSURE OF ALL WRITTEN EXHIBITS TO BE PRODUCED AT THE CONFIRMATION HEARING (FILED UNDER SEAL); AND (D) WRITTEN MEMORANDUM OF LAW REGARDING CONFIRMATION ISSUES** to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons:

Jerome Shulkin
SHULKIN HUTTON, INC., P.S.
425 Pike Street, Suite 610
Seattle, Washington 98101-4078
*Attorneys for Debtor*

Joseph M Meier
COSHO HUMPHREY, LLP
P. O. Box 9518
800 Park Boulevard, Suite 790
Boise, Idaho 83707-9518
*Attorneys for Debtor*

GARY L. MCCLENDON
OFFICE OF THE UNITED STATES TRUSTEE
Washington Group Central Plaza
720 Park Boulevard, Suite 220
Boise, Idaho 83712

Ada County Treasurer
P. O. Box 2868
Boise, Idaho 83701-2868

Ford Elsaesser
Bruce A. Anderson
ELSAESSER, JARZABEK, ANDERSON, MARKS,
    ELLIOTT & MCHUGH, CHTD.
123 South 3rd
Post Office Box 1049
Sandpoint, Idaho 83864-0855
*Attorneys for Regal Financial Bank*

Eric R. Bjorkman
PERKINS COIE, L.L.P.
251 East Front Street, Suite 400
Boise, Idaho 83702-7310
*Attorneys for Foundation Bank*

Grant E. Courtney
Bruce W. Leaverton
Charles R. Ekbert
LANE POWELL PC
1420 Fifth Avenue, Suite 4100
Seattle, Washington 98101-2338
*Attorneys for Washington Mutual Bank and KeyBank, N.A.*

Larry E. Prince
Robert A. Faucher
Brad A. Goergen
HOLLAND & HART, L.L.P.
101 South Capitol Boulevard, Suite 1400
Post Office Box 2527
Boise, Idaho 83701-2527
*Attorneys for Official Committee of Unsecured Creditors*

**J. R. SIMPLOT COMPANY AND SHAREHOLDER: (A) LIST OF WITNESSES TO BE CALLED AT THE CONFIRMATION HEARING; (B) NOTICE OF INTENT TO CROSS-EXAMINE WITNESSES; (C) DISCLOSURE OF ALL WRITTEN EXHIBITS TO BE PRODUCED AT THE CONFIRMATION HEARING (FILED UNDER SEAL); AND (D) WRITTEN MEMORANDUM OF LAW REGARDING CONFIRMATION ISSUES - 9**

BOI_MT2:648874.1

John F. Kurtz and Janine P. Reynard
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 West Main Street, Suite 1000
Post Office Box 1617
Boise, Idaho 83701-1617
*Attorneys for American West Bank*

Craig Miller
DAVIS WRIGHT TREMAINE LLP
2600 Century Square
1501 Fourth Avenue
Seattle, Washington 98101-1688
*Attorneys for Banner Bank*

Michael G Schmidt
LUKINS & ANNIS, PS
250 Northwest Boulevard, Suite 102
Coeur d'Alene, Idaho 83814-2971
*Attorneys for Washington Trust Bank*

Jeffrey M Wilson
WILSON MCCOLL & RASMUSSEN
420 West Washington
Post Office Box 1544
Boise, Idaho 83701-1544
*Attorneys for CitiCapital Commercial
Corporation*

Steven W. Boyce
JUST LAW OFFICE
381 Shoup Avenue
Post Office Box 50271
Idaho Falls, Idaho 83405
*Attorneys for PHH Mortgage Corp.*

Kelly Greene McConnell
GIVENS PURSLEY LLP
601 West Bannock Street
Post Office Box 2720
Boise, Idaho 83701-2720
*Attorneys for Banner Bank*

Harold Q. Noack
1199 Shoreline Lane, Suite 308
Post Office Box 9795
Boise, Idaho 83707
*Attorneys for Rhodes Asset Management, LLC*

William L. Smith
TROUT ♦ JONES ♦ GLEDHILL ♦ FUHRMAN, P.A.
225 North 9th Street, Suite 820
Post Office Box 1097
Boise, Idaho 83701
*Attorneys for Frontier Bank*

William R. Snyder
WILLIAM R. SNYDER & ASSOCIATES, P.A.
520 W. Franklin Street
Post Office Box 2338
Boise, Idaho 83701-2338
*Attorneys for DJS Properties, L.P.*

Lance Loveland
PARSONS, SMITH, & STONE, LLP
137 West 13th Street
Post Office Box 910
Burley, Idaho 83318
*Attorneys for Diversified Financial
Services, LLC*

AND, I HEREBY CERTIFY that on this __9th__ day of May, 2007, I caused a true
and correct copy of the foregoing **J. R. SIMPLOT COMPANY AND SHAREHOLDER: (A)
LIST OF WITNESSES TO BE CALLED AT THE CONFIRMATION HEARING; (B)
NOTICE OF INTENT TO CROSS-EXAMINE WITNESSES; (C) DISCLOSURE OF ALL**

**J. R. SIMPLOT COMPANY AND SHAREHOLDER: (A) LIST OF WITNESSES TO BE
CALLED AT THE CONFIRMATION HEARING; (B) NOTICE OF INTENT TO
CROSS-EXAMINE WITNESSES; (C) DISCLOSURE OF ALL WRITTEN EXHIBITS
TO BE PRODUCED AT THE CONFIRMATION HEARING (FILED UNDER SEAL);
AND (D) WRITTEN MEMORANDUM OF LAW REGARDING CONFIRMATION
ISSUES - 10**                                                    BOI_MT2:648874.1

**WRITTEN EXHIBITS TO BE PRODUCED AT THE CONFIRMATION HEARING
(FILED UNDER SEAL); AND (D) WRITTEN MEMORANDUM OF LAW REGARDING
CONFIRMATION ISSUES** to be served by the method indicated below, and addressed to the
following non-CM/ECF Registered Participants:

Don J. Simplot
Post Office Box 27
Boise, Idaho  83707

(✓) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile

Bradley R. Duncan
2600 Century Square
1501 Fourth Avenue
Seattle, Washington  98101
*Attorneys for Banner Bank*

(✓) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile

American Marine Bank
Attn:  Barbara Swartling
Post Office Box 10788
Bainbridge Island, Washington  98110

(✓) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile

Citicorp USA, Inc.
399 Park Avenue
New York, New York  10043

(✓) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile

The Commerce Bank of Washington, N.A.
c/o Charles C. Robinson
Eighteenth Floor
1191 Second Avenue
Seattle, Washington  98101-2939

(✓) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile

Brent G. Summers
TARLOW NAITO & SUMMERS LLP
6650 SW Redwood Lane, Suite 215
Portland, Oregon  97224
*Attorneys for DJS Properties, L.P.*

(✓) U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile

**J. R. SIMPLOT COMPANY AND SHAREHOLDER:  (A) LIST OF WITNESSES TO BE
CALLED AT THE CONFIRMATION HEARING; (B) NOTICE OF INTENT TO
CROSS-EXAMINE WITNESSES; (C) DISCLOSURE OF ALL WRITTEN EXHIBITS
TO BE PRODUCED AT THE CONFIRMATION HEARING (FILED UNDER SEAL);
AND (D) WRITTEN MEMORANDUM OF LAW REGARDING CONFIRMATION
ISSUES - 11**

BOI_MT2:648874.1

Foundation Bank                          (✓) U.S. Mail, Postage Prepaid
c/o Frederick W. Schoepflin              ( ) Hand Delivered
1201 Third Avenue, Suite 3200            ( ) Overnight Mail
Seattle, Washington  98101               ( ) Facsimile


                                         Randall A. Peterman


**J. R. SIMPLOT COMPANY AND SHAREHOLDER:  (A) LIST OF WITNESSES TO BE
CALLED AT THE CONFIRMATION HEARING; (B) NOTICE OF INTENT TO
CROSS-EXAMINE WITNESSES; (C) DISCLOSURE OF ALL WRITTEN EXHIBITS
TO BE PRODUCED AT THE CONFIRMATION HEARING (FILED UNDER SEAL);
AND (D) WRITTEN MEMORANDUM OF LAW REGARDING CONFIRMATION
ISSUES - 12**

# Exhibit I

# BANKRUPTCY COURT
## Exhibit List

| CASE NAME  In re Don J. Simplot | | | | | | COURT DATE  May 16, 2007 | DOCKET NUMBER |
|---|---|---|---|---|---|---|---|

**DEBTOR'S COUNSEL**

Joseph Meier
Cosho Humphrey, LLP
Washington Group Plaza IV800 Park Boulevard, Suite 790
Boise, Idaho 83712

**CREDITOR'S COUNSEL**

Randall A. Peterman
Moffatt Thomas Barrett Rock & Fields, Chtd.
P.O. Box 829, Boise, Idaho 83701
Attorneys for J.R. Simplot Company and Shareholders

| PRESIDING JUDGE    Terry L. Myers | COURT REPORTER | COURTROOM DEPUTY |
|---|---|---|

| | EXHIBITS | | | | | DESCRIPTION |
|---|---|---|---|---|---|---|
| **D** | **C1** | **C2** | **C3** | **MARKED** | **ADMITTED** | |
| | A | | | | | Blackline version of Modified Joint Plan of Reorganization |
| | B | | | | | Blackline version of Exhibit 1.2.20 - Creditors' Trust Agreement |
| | C | | | | | (CR 225) Order Granting Protective Order re Rule 2004 Exams |
| | D | | | | | **\*Undated Certificates Class A & Preferred Stock in JR Simplot Co.** |
| | E | | | | | **\*06/28/55 Articles of Incorporation, Amended 05/21/97** |
| | F | | | | | **\*3/11/97 Special Resolution of JR Simplot Co. Board of Directors** |
| | G | | | | | **\*3/11/97 Special Resolution of JR Simplot Co Class A Shareholders** |
| | H | | | | | **\*3/24/97 Consent of Class B Capital Stockholders re Cert. of Amendment** |
| | I | | | | | **\*3/24/97 Consent of Class B Capital Stockholders re Cert. of Amendment** |
| | J | | | | | **\*3/24/97 Consent of Class B Capital Stockholders re Cert. of Amendment** |
| | K | | | | | **\*3/24/97 Consent of Class B Capital Stockholders re Cert. of Amendment** |
| | L | | | | | **\*3/24/97 Consent of Class B Capital Stockholders re Cert. of Amendment** |
| | M | | | | | **\*3/24/97 Consent of Class B Capital Stockholders re Cert. of Amendment** |
| | N | | | | | **\*05/97 Stockholders Agreement among JRS Co. & Shareholders** |
| | O | | | | | **\*1/1/00 Supp. Class A Shareholder Agreement among the shareholders.** |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

\* - Confidential J.R. Simplot Co. Confidential Information subject to the Protective Order of the Idaho Bankruptcy Court Case No. 06-00002.
    (Exhibits D-O are filed under seal pursuant to the Protective Order.)

MT2:647764.1

# Exhibit II

The following is a list of documents filed in the Don Simplot bankruptcy that J.R. Simplot Company and the Shareholders request the Court take judicial notice:

| Docket No. | Date | Document Name |
|:---:|:---:|:---:|
| 88 | 03/02/06 | Motion for 2004 Examination of Debtor Don J. Simplot |
| 89 | 03/02/06 | Motion for 2004 Examination of J.R. Simplot Company |
| 99 | 03/07/06 | Objection to Motion for 2004 Examination of J.R. Simplot Company |
| 103 | 03/09/06 | Response of J.R. Simplot Co. to Motion for 2004 Examination of DJS Properties L.P. |
| 104 | 03/09/06 | Response of J.R. Simplot Co. to Motion for 2004 Examination of Don Simplot |
| 126 | 03/14/06 | Memorandum of Creditor Committee regarding Motion for 2004 Examination of DJS Properties, Don J. Simplot, and J.R. Simplot Company |
| 128 | 03/15/06 | Supplement to (1) (Second) Response and Objection to the Creditors Committee Motion for an Examination of J.R. Simplot Company Pursuant to Bankruptcy Rule 2004 and Request for Protective Order; (2) Supplement to Response and Objection to the Creditors Committee Motion for an Ex Parte Examination of Don Simplot Pursuant to Bankruptcy Rule 2004 and Request for Protective Order; and (3) Supplement to Response and Objection to the Creditors Committee Motion for an Examination of DJS Properties L.P. Pursuant to Bankruptcy Rule 2004 and Request for Protective Order |
| 178 | 04/06/06 | Notice of Lodging of Creditors' Committee's Proposed Stipulated Order and Protective Order Regarding Rule 2004 Exams and Confidentiality (Simplot Parties) |
| 180 | 04/06/06 | Third Supplement to Response and Objection to the Creditors Committee Motion for an Examination of J.R. Simplot Company Pursuant to Bankruptcy Rule 2004 and Request for Protective Order |
| 182 | 04/06/06 | Supplement of DJS Properties to Response and Objections to Creditors' Committee Motion for 2004 Examination of DJS Properties L.P. |
| 185 | 04/07/06 | Motion of DJS Properties L.P. for Protective Order and to Quash Subpoena |
| 186 | 04/07/06 | Memorandum in Support of Motion of DJS Properties L.P. for Protective Order and to Quash Subpoena |
| 197 | 04/14/06 | Statement of Issues Filed by Creditor Committee regarding Motions for 2004 Examinations |

| 199 | 04/14/06 | Memorandum Filed by DJS Properties L.P. regarding Motion for 2004 Examination of DJS Properties L.P. |
|-----|----------|------------------------------------------------------------------------------------------------------|
| 203 | 04/18/06 | Fourth Supplement to Response and Objection to the Creditors Committee Motion for an Examination of J.R. Simplot Company, Debtor and DJS Pursuant to Bankruptcy Rule 2004 and Request for Protective Order |
| 205 | 04/18/06 | Response to Motion for 2004 Examination of DJS Properties L.P. filed by Creditor Committee |
| 206 | 04/18/06 | Statement of Issues Filed by DJS Properties L.P. |
| 207 | 04/18/06 | Notice of Lodging of Proposed Stipulated Order and Protective Order Regarding Rule 2004 Exams and Confidentiality Filed by Creditor Committee |
| 225 | 05/09/06 | Order Granting Stipulated Order and Protective Order Regarding Rule 2004 Exams and Confidentiality |

BOI_MT2:647389.1