Larry E. Prince, ISB No. 1759
Robert A. Faucher, ISB No. 4745
Brad A. Goergen, ISB No. 6631
HOLLAND & HART LLP
Suite 1400, U.S. Bank Plaza
101 South Capitol Boulevard
P.O. Box 2527
Boise, ID  83701-2527
Telephone:  (208) 342-5000
Facsimile:  (208) 343-8869
E-mail:  lprince@hollandhart.com
         rfaucher@hollandhart.com
         bagoergen@hollandhart.com

Attorneys for Ronald Greenspan as Estate Representative
of the Don J. Simplot Bankruptcy Estate

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| In Re:<br><br>DON J. SIMPLOT,<br><br>                Debtor. | Case No. 06-00002-TLM<br>Chapter 11 |
| RONALD GREENSPAN, as Estate Representative of the Don J. Simplot Bankruptcy Estate,<br><br>                Plaintiff,<br><br>v.<br><br>DJS PROPERTIES, L.P., an Idaho limited partnership; DJS MANAGEMENT LLC, and Idaho limited liability company; DJS II FAMILY GRANTOR TRUST, an Idaho Trust; MICHAEL LLOYD SIMPLOT, an individual; DEBBIE S. MCDONALD, an individual; CINDY SIMPLOT HAROIAN, an individual; JOHN DON SIMPLOT, an individual; APRIL DAWN SIMPLOT GWIN, an individual; JOHN RALSTIN SIMPLOT, an individual; ERIC MICHAEL SIMPLOT, an individual; MICHAEL L. SIMPLOT, in his | Adversary Case No. 07-_____-TLM<br><br>**COMPLAINT** |

COMPLAINT - 1

capacity as custodian for Breanne Elizabeth Simplot under the Idaho Uniform Transfers to Minors Act; DEBBIE S. MCDONALD, in her capacity as custodian for Patrick Henry McDonald under the Idaho Uniform Transfers to Minors Act; CINDY S. HAROIAN, in her capacity as custodian for Andrew Cortland Haroian under the Idaho Uniform Transfers to Minors Act; CINDY S. HAROIAN, in her capacity as custodian for Samantha Erin Haroian under the Idaho Uniform Transfers to Minors Act; CINDY S. HAROIAN, in her capacity as custodian for Isabelle Morgan Haroian under the Idaho Uniform Transfers to Minors Act; CINDY S. HAROIAN, in her capacity as custodian for Julian James Haroian under the Idaho Uniform Transfers to Minors Act; CINDY S. HAROIAN, in her capacity as custodian for Sophia Rose Haroian under the Idaho Uniform Transfers to Minors Act; JOHN D. SIMPLOT, in his capacity as custodian for John Warren Simplot under the Idaho Uniform Transfers to Minors Act; JOHN D. SIMPLOT, in his capacity as custodian for Clayton Allan Simplot under the Idaho Uniform Transfers to Minors Act; JOHN D. SIMPLOT, in his capacity as custodian for Thomas Robert Simplot under the Idaho Uniform Transfers to Minors Act; and APRIL S. GWIN, in her capacity as custodian for Olivia Grace Gwin under the Idaho Uniform Transfers to Minors Act,

     Defendants.

  Plaintiff Ronald Greenspan, in his capacity as Estate Representative of the Don J. Simplot bankruptcy estate ("Estate Representative"), by and through his attorneys, Holland & Hart LLP, alleges as follows:

COMPLAINT - 2

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Ronald Greenspan is the duly appointed, court-authorized Estate Representative of the Don J. Simplot bankruptcy estate in the above-captioned chapter 11 bankruptcy case.

2. Defendant DJS Properties, L.P. ("DJS") is a limited partnership organized under the laws of the state of Idaho with its principle place of business located in Boise, Ada County, Idaho.

3. There are twenty limited partners of DJS.

4. The Estate Representative holds a 73.3578% interest in DJS as a limited partner.

5. The remaining nineteen DJS limited partners (the "Limited Partner Defendants") are defendants in this action and they are:

   a. The DJS II Family Grantor Trust, a trust organized under the laws of the state of Idaho, with its principal place of business at 999 Main Street, Suite 1300, P.O. Box 27, Boise, Idaho, 83707-0027, claiming a 20% interest;

   b. Michael Lloyd Simplot, residing at 4390 N. Westview Place, Boise, Idaho, 83704, claiming a 0.4107% interest;

   c. Debbie S. McDonald, residing at 3085 East Nature Drive, Boise, Idaho, 83706, claiming a 0.0107% interest;

   d. Cindy Simplot Haroian, residing at 1849 North Stoneview Place, Boise, Idaho, 83702, claiming a 0.4107% interest;

   e. John Don Simplot, residing at 909 N. 20th, Boise, Idaho, 83702, claiming a 0.4107% interest;

  f. April Dawn Simplot Gwin, residing at 1936 Teal Lane, Boise, Idaho, 83706, claiming a 0.4107% interest;

  g. John Ralstin Simplot, residing at 1103 E. Harrison Street, Seattle, Washington, 98102, claiming a 0.4107% interest;

  h. Eric Michael Simplot, residing at 4390 N. Westview Place, Boise, Idaho, 83704, claiming a 0.1815% interest;

  i. Michael L. Simplot, residing at 4390 N. Westview Place, Boise, Idaho, 83704, claiming a 0.1815% interest as custodian for Breanne Elizabeth Simplot under the Idaho Uniform Transfers to Minors Act;

  j. Debbie S. McDonald, residing at 3085 East Nature Drive, Boise, Idaho, 83706, claiming a 0.1815% interest as custodian for Patrick Henry McDonald under the Idaho Uniform Transfers to Minors Act;

  k. Cindy S. Haroian, residing at 1849 North Stoneview Place, Boise, Idaho, 83702, claiming a 0.1815% interest as custodian for Andrew Courtland Haroian under the Idaho Uniform Transfers to Minors Act;

  l. Cindy S. Haroian, residing at 1849 North Stoneview Place, Boise, Idaho, 83702, claiming a 0.1815% interest as custodian for Samantha Erin Haroian under the Idaho Uniform Transfers to Minors Act;

  m. Cindy S. Haroian, residing at 1849 North Stoneview Place, Boise, Idaho, 83702, claiming a 0.1815% interest as custodian for Isabelle Morgan Haroian under the Idaho Uniform Transfers to Minors Act;

  n. Cindy S. Haroian, residing at 1849 North Stoneview Place, Boise, Idaho, 83702, claiming a 0.1815% interest as custodian for Julian James Haroian under the Idaho Uniform Transfers to Minors Act;

COMPLAINT - 4

      o.    Cindy S. Haroian, residing at 1849 North Stoneview Place, Boise, Idaho, 83702, claiming a 0.1815% interest as custodian for Sophia Rose Haroian under the Idaho Uniform Transfers to Minors Act;

      p.    John D. Simplot, residing at 909 N. 20th, Boise, Idaho, 83702, claiming a 0.1815% interest as custodian for John Warren Simplot under the Idaho Uniform Transfers to Minors Act;

      q.    John D. Simplot, residing at 909 N. 20th, Boise, Idaho, 83702, claiming a 0.1815% interest as custodian for Clayton Allan Simplot under the Idaho Uniform Transfers to Minors Act;

      r.    John D. Simplot, residing at 909 N. 20th, Boise, Idaho, 83702, claiming a 0.1815% interest as custodian for Thomas Robert Simplot under the Idaho Uniform Transfers to Minors Act; and

      s.    April S. Gwin, residing at Teal Lane, Boise, Idaho, 83706, claiming a 0.1815% interest as custodian for Olivia Grace Gwin under the Idaho Uniform Transfers to Minors Act.

6.    Prior to March 7, 2006, DJS's general partner was Don J. Simplot ("Debtor").  On March 7, 2006, the DJS partners conducted a partnership meeting at which they (i) deemed Debtor to be in default as a general partner by virtue of his January 4, 2006, chapter 11 bankruptcy filing; and (ii) allegedly appointed Defendant DJS Management LLC as a substitute general partner.  The propriety, legitimacy, and efficacy of these acts are unclear and disputed by the Estate Representative.

7.    Defendant DJS Management LLC is a limited liability company organized under the laws of the state of Idaho, with its principal place of business located in

COMPLAINT - 5

Boise, Ada County, Idaho. Defendant Debbie S. McDonald is both the manager of DJS Management LLC and a limited partner in DJS.

8. The Estate Representative holds a 2% interest as a general partner. DJS Management LLC claims a 0.4% interest as a general partner, subject to the disputes identified above in paragraph 6.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1334(b) and § 2201, and pursuant to the reservation of jurisdiction contained in Articles 5.1.2.4(d) and XI of the Modified Joint Plan of Reorganization of Debtor and Creditors' Committee in the above-captioned chapter 11 case (the "Plan"), which Plan was confirmed by this Court on September 26, 2007.

10. Venue is proper before this Court pursuant to 28 U.S.C. § 1409 as this is a proceeding arising under title 11, United States Code, or arising in or related to Debtor's chapter 11 bankruptcy case, which case was filed in this District.

11. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

## GENERAL ALLEGATIONS

12. Debtor filed for relief under chapter 11 of the Bankruptcy Code on January 4, 2006 (the "Petition Date.").

13. As of the Petition Date, the Partnership Agreement was an agreement between Debtor, as the sole general partner, and the limited partners.

14. As of the Petition Date, the Partnership Agreement did not obligate limited partners to provide any material performance to the sole general partner or to each other.

COMPLAINT - 6

**COUNT ONE**
**DECLARATORY JUDGMENT**

15. The Estate Representative realleges the allegations in paragraphs 1 through 14 as though fully set forth herein.

16. Pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, a federal court "may declare the rights and other legal relations of any interested party seeking such declaration[.]"

17. DJS and the Limited Partner Defendants contend that the Partnership Agreement is executory for purposes of 11 U.S.C. § 365; the Estate Representative contends that the Partnership Agreement is not executory for purposes of 11 U.S.C. § 365.

18. Pursuant to Article 5.1.2.4(d) of the Plan, this Court is to determine whether the Partnership Agreement is executory for purposes of 11 U.S.C. § 365.

19. The Estate Representative seeks a declaration that the DJS Partnership Agreement is not executory for purposes of 11 U.S.C. § 365 or, to the extent the Partnership Agreement is executory in part, a declaration as to which portions are executory.

WHEREFORE, the Estate Representative prays for the following relief:

A. That the Court enter a judgment declaring that the DJS Partnership Agreement is not executory for purposes of 11 U.S.C. § 365 or, to the extent the Partnership Agreement is executory in part, a declaration as to which portions are executory.

B. That the Estate Representative have judgment for his costs and expenses incurred in this action;

COMPLAINT - 7

C.  That the Estate Representative have such other and further relief as the Court deems just and equitable under the circumstances.

DATED this 10th day of December 2007.

                    HOLLAND & HART LLP

                    By  /s/ Brad A. Goergen
                        Brad A. Goergen, for the firm
                        Attorneys for Ronald Greenspan as Estate
                        Representative of the Don J. Simplot
                        Bankruptcy Estate

3783636_4.DOC

COMPLAINT - 8