Parcels II, III and IV belong to DJS Properties Exhibit "A"

X PARCEL ~~I~~ II

The Southwest Quarter of the Northeast Quarter in Section 9, Township 5 North, Range 3 West, Boise Meridian, Canyon County, Idaho.

PARCEL ~~II~~ III

The East Half of the Northwest Quarter of Section 9, Township 5 North, Range 3 West, Boise Meridian, Canyon County, Idaho.

PARCEL ~~III~~ IV

A portion of the Northwest Quarter of the Northwest Quarter of Section 9, Township 5 North, Range 3 West, Boise Meridian, Canyon County, Idaho, more particularly described as follows:

BEGINNING at the Northeast corner of said Northwest Quarter of the Northwest Quarter; thence
    South 0° 00' 25" East along the East boundary of said Northwest Quarter of the Northwest Quarter a distance of 825.69 feet to a point on the North line of the South Half of the North Half of the South Half of the said Northwest Quarter of the Northwest Quarter; thence
    North 89° 41' 46" West along said North line a distance of 312.17 feet to a point in the centerline of an existing irrigation lateral; thence traversing said centerline as follows:
    Northeasterly a distance of 37.68 feet along the arc of a curve to the right, having a central angle of 14° 36' 11", a radius of 147.83 feet and a long chord which bears North 53° 42' 26" East a distance of 37.57 feet;
    North 61° 00' 32" East a distance of 97.97 feet;
    Northeasterly a distance of 118.59 feet along the arc of a curve to the left, having a central angle of 98° 16' 18", a radius of 69.14 feet and a long chord which bears North 11° 52' 23" East a distance of 104.58 feet;
    North 37° 15' 46" West a distance of 443.98 feet;
    Northeasterly a distance of 61.47 feet along the arc of a curve to the left, having a central angle of 19° 37' 50", a radius of 179.42 feet and a long chord which bears North 47° 04' 41" West a distance of 61.17 feet;
    North 56° 53' 36" West a distance of 60.10 feet;
    Northeasterly a distance of 81.10 feet along the arc of a curve to the right, having a central angle of 40° 22' 37", a radius of 115.08 feet and a long chord which bears North 36° 42' 17" West a distance of 79.43 feet;
    North 16° 30' 57" West a distance of 169.70 feet to a point on the North boundary of said Northwest Quarter of the Northwest Quarter; thence
    South 89° 47' 52" East along said North boundary a distance of 634.24 feet to the POINT OF BEGINNING.

SUBJECT TO a County road right of way along the North boundary and to an irrigation access and maintenance easement along the portion bounded by the said irrigation lateral.

EXHIBIT A

FILED FOR RECORD AT
REQUEST OF
TICOR TITLE INSURA'
2221 Riverside Drive,           nn, WA

DEED OF TRUST AND SECURITY AGREEMENT
8504090053

SKAGIT COUNTY WASHINGTON
Real Estate Excise Tax

THIS DEED OF TRUST AND SECURITY AGREEMENT (hereafter referred to as "Deed of Trust") is executed this 15th day of March, 19 85, between DON J. SIMPLOT, A Single Man

Amount Paid
Ruth Wylie, Co. Treas.
Pioneer National Deputy

whose address is P.O. Box 27, Boise, Idaho 83707, Pioneer National Title Insurance Company, a corporation, Trustee, whose address is P. O. Box 159, Mount Vernon, Washington 98273 and ANACORTES MARINE ENTERPRISES, INC., Beneficiary, whose address is P. O. Box 33368, Seattle, Washington 98133.

Grantor, in consideration of the indebtedness herein recited and the Trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property and/or interest located in Skagit County, Washington:

The leasehold estate in apartment and/or moorage slip B-31 Phase II of the Anacortes Marina Condominium, a leasehold condominium, located in the leasehold estate created by those certain leases dated March 13, 1980, and April 22, 1981, as recorded on April 24, 1981, under Skagit County Auditor's Filing Numbers 8104240009 and 8104240010, respectively, as shown on the Plans and Survey for Phase I recorded on June 1, 1981, in Volume 13 of Condominium Plats, Pages 32 through 38, inclusive, under Skagit County Auditor's Filing No. 8106010014, as shown on the Plans and Survey for Phase II recorded on August 12, 1981 in Volume 13 of Condominium Plats, Pages 42 through 44, inclusive, under Skagit County Auditor's Filing No. 8108120085, as shown on the Plans and Survey for Phase III recorded on June 16, 1983 in Volume 13 of Condominium Plats, Pages 65 through 68, inclusive, under Skagit County Auditor's Filing No. 8306160022, and as shown on the Plans and Survey for Phase IV recorded on July 19, 1983 in Volume 13 of Condominium Plats, Pages 76 through 78, inclusive, under Skagit County Auditor's Filing No. 8307190013, and as identified by the Declaration recorded on June 1, 1981, under Skagit County Auditor's Filing No. 8106010012, as amended by the Amendment recorded on June 26, 1981, under Skagit County Auditor's Filing No. 8106260020, by the Second Amendment recorded on August 12, 1981, under Skagit County Auditor's Filing No. 8108120086, by the Third Amendment recorded on June 16, 1983, under Skagit County Auditor's Filing No. 8306160023, and by the Fourth Amendment recorded on July 19, 1983, under Skagit County Auditor's Filing No. 8307190014.

TOGETHER WITH that undivided percentage interest in the Common Areas and Facilities as defined in RCW 64.32.010(6) and Paragraph 7 of said Declaration appertaining to said apartment and/or moorage slip to be determined as provided in Paragraph 8.

which property and/or interest has an address of Apartment and/or Moorage Slip No. B-31 of the Anacortes Marina Condominium, 2415 T Avenue, Anacortes, Washington 98221 (hereafter referred to as "address"), TOGETHER with all improvements now or hereafter erected on or in said apartment and/or moorage slip and all easements, rights, appurtenances, rents, issues, and profits (subject to the rights and authorities given herein to Beneficiary to collect and apply such rents, issues, and profits), and all fixtures and equipment now or hereafter attached to or located within said apartment and/or moorage slip, all of which, including replacements or additions thereto, shall be deemed to be and remain a part of the property and/or interest covered by this Deed of Trust, together with the leasehold estate, are hereby referred to as "apartment and/or moorage slip";

TO SECURE to Beneficiary (a) the repayment of the indebtedness evidenced by Grantor's Note dated March 15, 19 85 (hereafter referred to as "Note") in the principal sum of $ 39,400.00, with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness if not sooner paid, due and payable on or before April 15, 1998, and the payment of all other sums, with interest thereon, advanced in accordance with the Note and/or to protect the security of this Deed of Trust and the performance of the terms, conditions, covenants and 8504090053

VOL 597 PAGE 325

EXHIBIT
B

agreements of Grantor contained herein and (b) the repayment of any future advances, with interest thereon, made to Grantor by Beneficiary pursuant to this Deed of Trust.

Grantor covenants and warrants that Grantor is lawfully seized of the estate or interest herein conveyed and has the right to grant and convey said apartment and/or moorage slip, that said apartment and/or moorage slip is unencumbered, and that Grantor will warrant and defend generally the title to said apartment and/or moorage slip against any and all claims and demands, subject to any declarations, easements or restrictions listed in the schedule of exceptions to coverage in any title insurance policy, if any, insuring Beneficiary's interest in said apartment and/or moorage slip.

Grantor and Beneficiary covenant and agree as follows:

1. **Payment of Principal and Interest.** Grantor shall promptly pay when due the principal of and interest on the indebtedness secured by the Note, prepayment and late charges as provided in the Note, and the principal of and interest on any future advances covered by this Deed of Trust.

2. **Taxes and Insurance.** Subject to applicable law or to a written waiver by Beneficiary, Grantor shall pay to Beneficiary if requested in writing by Beneficiary on the day that any monthly installments of principal and interest are payable under the Note, until such time as the Note is paid in full, a sum equal to 1/12 of the estimated annual taxes and assessments, including condominium and marina maintenance assessments against said apartment and/or moorage slip and Grantor's prorata share of rents and/or maintenance assessments on said apartment and/or moorage slip, together with 1/12 of the estimated premium installments for hazard insurance, if any. In the event that any reserve is established for payment of taxes and insurance at the request of Beneficiary, Beneficiary shall have the right to deposit said funds in interest-bearing account for Beneficiary's sole benefit and to utilize any such sums to pay any such taxes, assessments, premiums and/or rents. Grantor shall not be entitled to receive any interest on any such reserve. In the event that any such reserve is established, Beneficiary shall render Grantor an annual statement of said reserve.

In the event that the sums deposited by Grantor in any such reserve, together with any future monthly or annual installments thereof paid prior to the due date of the taxes, assessments, premiums and rents, shall exceed the amount required to pay any such taxes, assessments, premiums and/or rents as they fall due, any such excess may, at Grantor's sole option either be promptly repaid to Grantor or credited to Grantor on the next monthly or annual installment due Beneficiary. In the event that the amount of any such reserve shall not be sufficient to pay the taxes, assessments, premiums and rents as they fall due, Grantor shall pay to Beneficiary any amounts necessary to make up any such deficiency within thirty (30) days from the date that notice is mailed by Beneficiary to Grantor requesting payment thereof.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Beneficiary under the Note and paragraphs 1 and 2 hereof shall be applied by

DTSA(2)      2      VOL 597 PAGE 326

8504090053

Beneficiary first in payment of the amounts payable to Beneficiary by Grantor under paragraph 2, then to interest payable on the Note, then to the principal of the Note, and then to interest and principal on any future advances.

4. **Charges; Liens.** Grantor shall pay all taxes, assessments, penalties, interest, premiums and rents, fines and impositions attributable to said apartment and/or moorage slip which may obtain priority over this Deed of Trust, together with any and all leasehold payments or rents, if any, as provided in paragraph 2 or, if not paid in such manner, by Grantor making any such payments, when due, directly to the payee thereof. Grantor agrees to promptly furnish to Beneficiary all notices of amounts due under this paragraph and in the event Grantor shall make any such payments directly, Grantor agrees to promptly furnish to Beneficiary receipts evidencing such payments. Grantor agrees to promptly discharge any lien which has priority over this Deed of Trust: PROVIDED, HOWEVER, that Grantor shall not be required to discharge any lien so long as Grantor shall agree in good faith to the payment of the obligations secured by such lien in a manner acceptable to Beneficiary or shall, in good faith, contest such lien by, or defend enforcement of said lien in, legal proceedings which operate to prevent the enforcement of the lien or forfeiture of said apartment and/or moorage slip or any part thereof.

5. **Preservation and Maintenance of Apartment; Leaseholds; Condominiums.** Grantor agrees to keep said apartment and/or moorage slip in good repair and not to commit or permit waste or impairment or deterioration of said apartment and/or moorage slip and to comply with the provisions of all leases to which this Deed of Trust are subject. Grantor agrees to perform all of Grantor's obligations under the Condominium Declaration creating and/or governing the Anacortes Marina Condominium, the Bylaws and regulations of the Condominium, and any other applicable documents, including, without limitation thereto, any such leases. Grantor agrees to comply with the covenants and agreements of any rider incorporated herein.

6. **Protection of Beneficiary's Security.** If Grantor fails to perform the covenants and agreements contained in this Deed of Trust or if any action or proceeding is commenced which materially affect Beneficiary's interest in said apartment and/or moorage, including, but not limited to eminent domain, insolvency, code enforcement, or arrangements or proceedings involving a bankrupt or decedent, then Beneficiary at Beneficiary's option, upon notice to Grantor, may make such appearances, disburse such sums and take such action as is necessary to protect Beneficiary's interest, including, but not limited to, disbursement of reasonable attorney's fees and entry upon said apartment and/or moorage slip to make any such repairs. Any amounts disbursed by Beneficiary pursuant to this paragraph 6, with interest thereon, shall become additional indebtednesses of Grantor secured by this Deed of Trust. Unless Grantor and Beneficiary agree to other terms of payment, such amount shall be payable upon notice from Beneficiary to Grantor requesting payment thereof and shall bear interest from the date of disbursement at the rate payable from time to time on outstanding principal under the note unless payment of interest at such rate would be contrary to applicable law and in which event such

DTSA(3)                         3                    VOL 597 PAGE 327

8504090053

amounts shall bear interest at the highest rate of legal interest permissible under the laws of the State of Washington. Nothing contained in this paragraph 6 shall require Beneficiary to incur any expense or take any action hereunder.

7. **Inspection.** Beneficiary may make or cause to be made reasonable entries upon and inspections of said apartment and/or moorage slip, provided that Beneficiary shall give Grantor notice prior to any such inspection specifying reasonable cause therefor related to Beneficiary's interest in said apartment and/or moorage slip.

8. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of said apartment and/or moorage slip or any part or interest thereof, or for conveyance in lieu of condemnation, are hereby assigned to and shall be paid to Beneficiary. In the event of a total taking of said apartment and/or moorage slip, the proceeds thereof shall be applied to the sums secured by this Deed of Trust with the excess, if any, paid to Grantor. In the event of a partial taking of said apartment and/or moorage slip, unless Grantor and Beneficiary otherwise agree in writing, there shall be applied to the sums secured by this Deed of Trust such portion of the proceeds as are equal to that portion which the amount of the sums secured by this Deed of Trust immediately prior to the taking bears to the fair market of said apartment and/or moorage slip immediately prior to the date of taking with the balance of the proceeds to be paid to Grantor. If said apartment and/or moorage slip is abandoned by Grantor or if, after notice by Beneficiary to Grantor that the condemnor offers to make an award or settle a claim for damages, Grantor fails to respond to Beneficiary within thirty (30) days after the date that such notice is mailed, Beneficiary is authorized to collect and apply the proceeds thereof at Beneficiary's sole option, either to the restoration or repair of said apartment and/or moorage slip or to the sums secured by this Deed of Trust. Unless Beneficiary and Grantor otherwise agree in writing, any such applications of proceeds to principal shall not extend or postpone the due date of the monthly installments referred to in paragraphs 1 and 2 of this Deed of Trust or change the amounts of any such installments.

9. **Grantor Not Released.** Extension of the time for payment or modification of the amortization of the sums secured by this Deed of Trust granted by Beneficiary to any successor in interest of Beneficiary shall not operate to release in any manner the liability of Grantor and Grantor's successors in interest. Beneficiary should not be required to commence any proceedings against any such successor or refuse to extend the time for payment or otherwise modify the amortization of the sums secured by this Deed of Trust by reason of any demand made by Grantor and Grantor's successors in interest.

10. **Forbearance by Beneficiary not a Waiver.** Any forbearance by Beneficiary in exercising any right or remedy hereunder or otherwise afforded by applicable law shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Beneficiary shall not be a waiver of Beneficiary's right to accelerate the maturity of the

DTSA(4)　　　　　　　　　　　4

8504090053　　　　　　　VOL 597 PAGE 328

indebtedness secured by this Deed of Trust.

11. **Remedies Cumulative.** All remedies provided in this Deed of Trust are distinct and cumulative to any other right or remedy under this Deed of Trust or afforded by law or equity and may be exercised concurrently, independently or successively.

12. **Successors and Assigns Bound; Joint and Several Liability.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Beneficiary and Grantor, subject to the provisions of paragraph 27. All covenants and agreements of Grantor shall be joint and several. The captions and headings of the paragraphs of this Deed of Trust are for convenience only and are not to be used to interpret or define the provisions hereof.

13. **Notice.** Except for any notice required under applicable law to be given in a different manner (a) any notice to Grantor provided for in this Deed of Trust shall be given by mailing such notice by certified mail addressed to Grantor at said apartment and/or moorage slip, 2415 T Avenue, Anacortes, Washington 98221, or to such other address as Grantor may designate by notice in writing to Beneficiary and (b) any notice to Beneficiary shall be given by certified mail, return receipt requested, to Beneficiary's address stated herein or to such other address as Beneficiary may designate by notice in writing to Grantor. Any notice provided for in this Deed of Trust shall be deemed to have been given to Grantor or Beneficiary when given in the matter provided herein.

14. **Grantor's Receipt.** Grantor has received a conformed copy of the Note and this Deed of Trust and a copy of the Master Form of Deed of Trust incorporated by reference in paragraph 25.

15. **Transfer of the Property; Assumption.** If all or any part of said apartment and/or moorage slip or any interest therein is sold or transferred by Grantor without Beneficiary's prior written consent, Beneficiary may, at Beneficiary's sole option, declare all sums secured by this Deed of Trust to be immediately due and payable. Beneficiary shall be deemed to waive such option to accelerate if, prior to any such sale or transfer, Beneficiary and the person to whom said apartment and/or moorage slip is to be sold or transferred reach an agreement in writing that the credit of such person is satisfactory to Beneficiary and that the interest payable on the sums secured by this Deed of Trust shall thereafter be at such rate as Beneficiary shall request but not to exceed 18% per annum. In the event that Beneficiary has waived the option to accelerate provided in this paragraph 15 and Grantor's successor in interest has executed a written assumption agreement accepted in writing by Beneficiary, Beneficiary shall release Grantor from all obligations under this Deed of Trust and the Note. In the event that Beneficiary exercises such option to accelerate, Beneficiary shall mail Grantor notice of acceleration in accordance with paragraph 13 hereof. Such notice shall provide a period of not less than thirty (30) days from the date that notice is mailed within which such period Grantor may pay the sums declared due. In the event that Grantor fails to pay such sums prior to the expiration of said period, Beneficiary may, without further notice or demand on Grantor, invoke any remedies

permitted by paragraph 16.

16. **Acceleration; Remedies.** Except as provided in paragraph 15, upon Grantor's breach of any covenant or agreement of Grantor in this Deed of Trust, including the covenant to pay when due any sums secured by this Deed of Trust, Beneficiary shall, prior to acceleration, give notice in the manner prescribed by applicable law to Grantor and to the other persons prescribed by applicable law specifying (1) the breach; (2) the action required to cure such breach; (3) a date, not less than thirty (30) days from the date the notice is mailed to Grantor, by which such breach may be cured; and (4) that the failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and the sale of said apartment and/or moorage slip at public auction on a date not less than 120 days in the future. The notice shall further inform Grantor of (i) the right to reinstate after acceleration, (ii) the right to bring a court action to assert the nonexistence of a default or any other defense of Grantor to acceleration or foreclosure, and (iii) any other matters required to be included in such notice by applicable law. In the event the breach is not cured on or before the date specified in the notice, Beneficiary may, at Beneficiary's sole option, declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Beneficiary shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 16, including, but not limited to, reasonable attorney's fees. In the event that Beneficiary invokes the power of sale, Beneficiary shall give written notice to Trustee of the occurrence of a default and of Beneficiary's election to cause said apartment and/or moorage slip to be sold. Trustee and Beneficiary shall take such action regarding notice of said default and shall give such notices to Grantor and the other persons which applicable law may require. After a lapse of such time as may be required by applicable law and after publication of the notice of sale, Trustee, without demand on Grantor, shall sell said apartment and/or moorage slip at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee shall have the right to postpone the sale of said apartment and/or moorage slip for a period or periods not to exceed a total of thirty (30) days (or such other period of time as may be legally permissible) by public announcement at the time and place fixed in the notice of sale. Either Beneficiary or Beneficiary's designee may purchase said apartment and/or moorage slip at any such sale. Trustee shall deliver to the purchaser its Trustee's deed conveying said apartment and/or moorage slip so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be *prima facia* evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to reasonable Trustee's and attorney's fees and cost of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto or to the Clerk of the Superior Court of the county in which the sale took place.

17. **Grantor's Right to Reinstate.** Notwithstanding Beneficiary's acceleration of the sum secured by this Deed of Trust, Grantor shall have the right to have any proceedings begin by Beneficiary to enforce this Deed of Trust discontinued at any time prior to the earlier to occur of (i) the tenth (10th) day before sale of said apartment and/or moorage slip pursuant to the power of sale contained in this Deed of Trust; or (ii) entry of a judgment enforcing this Deed of Trust if (a) Grantor pays Beneficiary all sums which would be then due under this Deed of Trust, the Note and any Notes securing any future advances had no acceleration occurred; (b) Grantor cures all breaches of any other covenants or agreements of Grantor contained in this Deed of Trust; (c) Grantor pays all reasonable expenses incurred by Beneficiary and Trustee in enforcing the covenants and agreements of Grantor contained in this Deed of Trust and in enforcing Beneficiary's and Trustee's remedies as provided in paragraph 16 hereof, including, but not limited to reasonable attorney's fees; and (d) Grantor takes such action as Beneficiary may reasonably require to assure that the lien of this Deed of Trust, Beneficiary's interest in said apartment and/or moorage slip, and Grantor's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon payment of all sums incurred by Grantor pursuant to this paragraph 17, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

18. **Assignment of Rents; Appointment of Receiver; Beneficiary in Possession.** As additional security, Grantor hereby assigns to Beneficiary the rents, issues and profits from said apartment and/or moorage slip, provided that Grantor shall, prior to acceleration under paragraph 16 for abandonment of said apartment and/or moorage slip, have the right to collect and retain such rents, issues and profits as they become due and payable. Beneficiary shall, in person, by agent or judicially appointed receiver be entitled to enter upon, take possession of and manage said apartment and/or moorage slip and collect the rents, issues and profits thereof, including those past due, upon acceleration pursuant to paragraph 16 or abandonment of said apartment and/or moorage slip. Any rents collected by Beneficiary or the receiver shall be applied first to payment of the cost of management of said apartment and/or moorage slip and collection of rents, issues and profits, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Deed of Trust. Beneficiary and the receiver shall be liable to account for only those rents, issues and profits actually received.

19. **Future Advances.** Beneficiary may, at Beneficiary's sole option, prior to full reconveyance of said apartment and/or moorage slip by Trustee to Grantor, upon request of Grantor, make future advances to Grantor. Any such future advances, with interest thereon, shall be secured by this Deed of Trust when evidenced by Promissory Notes stating that said notes are secured hereby.

20. **Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Beneficiary shall request that Trustee reconvey said apartment and/or moorage slip and shall surrender this Deed

DTSA(7)    7    VOL. 597 PAGE 331

8504090053

of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall reconvey said apartment and/or moorage slip without warranty and without charge to the person or persons legally entitled thereto. Any such person or persons shall pay all costs of recordation, if any.

21. **Substitute Trustee.** In accordance with applicable law, Beneficiary may, from time to time, appoint a successor Trustee to any Trustee appointed hereunder who has ceased to act. Without conveyance of said apartment and/or moorage slip, the successor Trustee shall succeed to all the title, power and duties conferred upon the Trustee hereunder and by applicable law.

22. **Use of Property.** Said apartment and/or moorage slip is not used principally for agricultural or farming purposes.

23. **Assessments.** Grantor shall promptly pay, when due, all assessments imposed by the Owner's Association of the Anacortes Marina Condominium or other governing body of said condominium pursuant to the provisions of the Declaration, By-Laws, Rules and Regulations or other constituent documents of said condominium.

24. **Prior Consent.** Grantor shall not, except after notice to Beneficiary and with Beneficiary's prior written consent, consent to: (i) the partition or subdivision of said condominium or any part thereof; (ii) the abandonment or termination of the Anacortes Marina Condominium except for abandonment or termination provided by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain; (iii) any material amendment to the Declaration, Bylaws or Rules and Regulations of the Owner's Association or equivalent constituent documents of said condominium, including, but not limited to, any amendments which would change the percentage interest of the owners of said condominium; or (iv) the effectuation of any decision by the Owner's Association to terminate professional management and assume self-management of said condominium.

25. **Adoption of Master Form of Deed of Trust.** By executing and delivering this Deed of Trust, Grantor agrees that all provisions of the master form of Deed of Trust recorded by or on behalf of the Washington Correspondent's Banker's Association or any successor or affiliate thereto on July 25, 1968, under King County Auditor's File No. 6382309 or any amendments, modifications or additions thereto are, to the extent applicable, hereby incorporated by reference and made a part hereof for all purposes and that Grantor hereby makes each of said covenants and representations and agrees to fully perform each of said provisions and the terms and condition of the Note secured by this Deed of Trust which are hereby incorporated by reference.

26. **Security Agreement.** Grantor agrees, to the extent that said apartment and/or moorage slip or Grantor's interest therein is or may be construed to be personal property rather than real property, that this Deed of Trust constitutes a Security Agreement pursuant to the Uniform Commercial Code of the State of Washington (RCW 62A et seq.) and that Beneficiary shall have each of the remedies provided and/or afforded a Secured Party pursuant to RCW 62A et seq.

DTSA(8)    8    VOL 597 PAGE 332

8504090053

27. **Restrictions Upon Sale.** Grantor's rights as an owner of said apartment and/or moorage slip of the Anacortes Marina Condominium are subject to the provisions of subparagraph 23.5 of said Declaration which restrict the right of an owner to sell, assign and/or transfer his apartment and/or moorage slip or any interest therein without the prior written consent of Beneficiary which consent shall not be unreasonably withheld providing any owner desiring to sell, assign or transfer any interest in owner's apartment and/or moorage slip shall have provided Beneficiary (or the Association after the period provided in subparagraph 10.1 of said Declaration) with the name and address of any purchaser, assignee, transferee, or successor or owner of any such apartment and/or moorage slip.

28. **Acknowledgment.** Grantor acknowledges and agrees that this Deed of Trust/Security Agreement is subject to the terms and conditions of that certain Consent to Assignment and Approval of General Sublease Forms executed by the Department of Natural Resources of the State of Washington as Lessor, Anacortes Marine Enterprises, Inc. as Lessee, and Anacortes Marina Owners Association as Assignee dated August 5, 1981, and to the terms and conditions of Harbor Area Lease No. 2510 issued March 13, 1980, by the Department of Natural Resources of the State of Washington as Lessor to Anacortes Marine Enterprises, Inc. as Lessee recorded under Skagit County Auditor's Filing No. 8104240009.

_____
Don J. Simplot
**GRANTOR**

STATE OF WASHINGTON  )
                     ) ss.
COUNTY OF SKAGIT     )

On this __15th__ day of __March__, 1985, personally appeared __Don J. Simplot__, to me known to be the Individual described in and who executed the foregoing Deed of Trust and acknowledged said Deed of Trust to be __his__ free and voluntary act and deed for the uses and purposes therein mentioned.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

_____
Notary Public in and for the State of Washington, residing at
La Conner

64:Deed.Trs

DTSA(9)-(Rev.1)

8504090053     9                              VOL 597 PAGE 333