Larry E. Prince, ISB No. 1759
Robert A. Faucher, ISB No. 4745
HOLLAND & HART LLP
Suite 1400, U.S. Bank Plaza
101 South Capitol Boulevard
P.O. Box 2527
Boise, ID  83701-2527
Telephone:  (208) 342-5000
Facsimile:  (208) 343-8869
E-mail:  lprince@hollandhart.com
         rfaucher@hollandhart.com

Attorneys for Ronald Greenspan as Estate Representative
of the Don J. Simplot Bankruptcy Estate

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| In Re:<br><br>DON J. SIMPLOT,<br><br>                    Debtor. | Case No. 06-00002-TLM<br>Chapter 11<br><br>**ESTATE REPRESENTATIVE'S MOTION TO SELL CLASS B STOCK** |

COMES NOW, Ronald Greenspan, as the Estate Representative of the Don J. Simplot Bankruptcy Estate (the "Estate Representative"), by and through his undersigned counsel of record, and pursuant to §363(b)(1) of the Bankruptcy Code and the Plan (defined below), moves the Court for an order authorizing him to sell the Securities (defined below) to J.R. Simplot Company ("Company") on the terms set forth in this Motion to Sell Class B Stock (the "Motion").  In support of this Motion, the Estate Representative states and represents as follows:

**I.     DEFINED TERMS**

As used in this Motion, the following terms shall mean:

A. "Creditors' Trust" means the trust created pursuant to the Trust Agreement and Article 5.2 of the Plan;

**ESTATE REPRESENTATIVE'S MOTION TO SELL CLASS B STOCK - 1**

B.  "Buyback Letter" means that certain letter dated December 2, 2008, from the Company to the Estate Representative, a copy of which is attached as **Exhibit A**.

C.  "Creditors' Trust Assets" has the meaning assigned to that term in Section 1.7 of the Trust Agreement.

D.  "Debtor" means Don J. Simplot;

E.  "Effective Date" means October 10, 2007;

F.  "Executive Board" means the Executive Board of the Creditors' Trust;

G.  "Plan" means the Modified Joint Plan of Reorganization of Debtor and Creditors' Committee (docket no. 577);

H.  "Retained Assets" means the claims, rights, powers, defenses, Interests, properties, and assets of the Debtor's bankruptcy estate described in Section 1.2.56 of the Plan;

I.  "Securities" means the 133.363 shares of Class B Capital Stock in J.R. Simplot Company issued in the name of the Estate Representative;

J.  "Trustee" means Ronald Greenspan in his capacity as, and only as, the Trustee of the Creditors' Trust.

## II.    DESCRIPTION OF PROPERTY TO BE SOLD

The Securities are Class B Capital Stock in the Company.  The Company is privately held and, as a result, shares in the Company are not publicly traded.

## III.   TYPE AND TERMS OF SALE

The Company has offered to buy back up to $65,000,000 of its Class B stock from shareholders at a purchase price of $14,900 per share.  The terms and conditions of the offer are set forth in the Buyback Letter and include the following:

**ESTATE REPRESENTATIVE'S MOTION TO SELL CLASS B STOCK - 2**

      A.    The initial offer by the Company is to purchase the stock on a pro rata basis, but if some shareholders choose to limit their participation, or not participate in, the buyback program, the Company may purchase additional shares from willing shareholders up to the aggregate $65,000,000 purchase price;

      B.    The Company must receive the completed and signed Notice of Participation and Assignment of Stock form included with the Buyback Letter by no later than noon, December 15, 2008, or the shareholder will have waived its opportunity to take part in the buyback; and

      C.    The surrender of the stock must be completed by no later than January 9, 2009.

The Company has agreed that, notwithstanding anything contained in the Buyback Letter or the Notice of Participation and Assignment of Stock form, the Estate Representative shall have until noon, December 15, 2008, to inform the Company of the number of Class B shares the Estate Representative will seek Bankruptcy Court approval to sell and that the Estate Representative shall have until January 15, 2009 to: (1) complete, sign, and deliver to the Company the Notice of Participation and Assignment of Stock form attached to the Buyback Letter; and (2) surrender the Class B stock certificate for the stock to be sold pursuant to the Buyback program.  A copy of the letter which evidences this agreement is attached hereto as **Exhibit B**.

The Estate Representative seeks authorization to sell to the Company at private sale for $14,900 per share the entire 133.363 shares of the Securities or so much thereof as the Company will purchase pursuant to the terms of the Buyback Letter.  In the event all of the Securities are sold, the total purchase price would be $1,987,108.70.

**ESTATE REPRESENTATIVE'S MOTION TO SELL CLASS B STOCK - 3**

#### IV.     TIME AND PLACE OF SALE

The Estate Representative seeks authorization to sell to the Company, at private sale, the Securities on or before January 15, 2009.

#### V.     TREATMENT OF EXISTING LIENS

The sale will be free and clear of all liens with valid liens, if any, to attach to the sale proceeds.  To the Estate Representative's knowledge there are no liens which exist against the Securities.  A UCC search has been conducted and no liens on the Securities have been found.

#### VI.     VALUE OF PROPERTY TO BE SOLD

The Company engaged Hoolihan Lokey Howard Zukin ("Hoolihan Lokey") to assist it in estimating the fair market value of the Class B stock on a non-marketable minority ownership interest basis.  It is the Estate Representative's understanding that Hoolihan Lokey estimated that the fair market value of the Class B stock was, on the foregoing basis, $14,892.63 per share as at the end of the Company's 2008 fiscal year end, which was August 30, 2008.  The Company has not represented that the per share amount offered by it reflects the fair market value.  Economic conditions have, however, worsened since August 30, 2008.

#### VII.     AUTHORIZATION FOR CONDUCTING SALE

The Estate Representative is authorized to sell Retained Assets pursuant to §362(d)(1) of the Bankruptcy Code and the Plan (see §5.1.2.3) and the Securities are part of the Retained Assets (see 1.2.56 of the Plan).  The Estate Representative must, however, obtain approval of the Court prior to selling Retained Assets (see Section 5.1.2.3 of the Plan).  Unlike when the Trustee seeks to sell Creditors' Trust assets, the Estate Representative is not required to obtain the approval of the Executive Board for the sale of Retained Assets.  The Executive Board has, however, approved the sale of the Securities on the terms set forth in this Motion (see Prince

Affidavit, ¶3). The Estate Representative will not sell the Securities unless and until the Court enters an order authorizing the sale.

## VIII.  COMMISSION

No commissions will be paid on account of the sale of the Securities.

## IX.  WAIVER OF TEN-DAY STAY

The Estate Representative moves that any approval of the sale by the Court be immediately effective and that the ten-day stay imposed by Fed. R. Bankr. P. 6004(g) be waived.

## X.  BANKRUPTCY COURT ORDER

Pursuant to L.B.R. 2002.1(c), the Trustee requests the entry of an order by the Court because the Plan expressly requires Court approval prior to the Estate Representative selling Retained Assets and the Securities are included among the Retained Assets (see Prince Affidavit ¶4).

DATED this 5th day of December, 2008.

HOLLAND & HART LLP

By   /s/ Larry Prince
　　Larry E. Prince, of the firm
　　Attorneys for Ronald Greenspan as Estate
　　Representative of the Don J. Simplot
　　Bankruptcy Estate

**ESTATE REPRESENTATIVE'S MOTION TO SELL CLASS B STOCK - 5**

**CERTIFICATE OF SERVICE**

   I hereby certify that on December 5, 2008, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

CIngram Ada County Treasurer    trbankrupt@adaweb.net, bankruptcy@adaweb.net
Bruce A Anderson    baafiling@ejame.com, tarynw@ejame.com
Eric R Bjorkman    Ebjorkman@perkinscoie.com
Steven W Boyce    sboyce@justlawidaho.com, ddorman@justlawidaho.com
Laura E Burri    lburri@ringertclark.com
D Blair Clark    dbc@ringertclark.com, mbblair@ringertclark.com
Warren S Derbidge    warren.derbidge@usdoj.gov, al.dawson@usdoj.gov, USAID.ECFNOTICE@USDOJ.GOV
Charles R Ekberg    ekbergc@lanepowell.com, jagows@lanepowell.com
Robert A Faucher    rfaucher@hollandhart.com, boiseintaketeam@hollandhart.com
Randal J French    rfrench@bauerandfrench.com, nichole@bauerandfrench.com;nancy@bauerandfrench.com; heineman@bauerandfrench.com
Daniel C Green    dan@racinelaw.net, ajc@racinelaw.net
TMetcalfe J.R. Simplot Company    Tree.Metcalfe@simplot.com
John F Kurtz    jfk@hteh.com
Bruce W Leaverton    leavertonb@lanepowell.com
Lance A Loveland    love9593@pmt.org
Jed W Manwaring    jmanwaring@evanskeane.com
Gary L McClendon    gary.mcclendon@usdoj.gov
Kelly Greene McConnell    laurierehder@givenspursley.com, laurierehder@givenspursley.com
Joseph M Meier    jmeier@cosholaw.com, jbean@cosholaw.com
Craig Miller    craigmiller@dwt.com, melissageraghty@dwt.com
Randall A Peterman    rap@moffatt.com, alj@moffatt.com; kad@moffatt.com; ecf@moffatt.com; moffattthomas@hotmail.com
Larry E Prince    lprince@hollandhart.com, chardesty@hollandhart.com; boiseintaketeam@hollandhart.com
Michael G Schmidt    mgs@lukins.com, jwm@lukins.com
Jerome Shulkin    mepelbaum@shulkin.com
W Ben Slaughter    bslaughter@idahomutualtrust.com, ksk@elamburke.com
William L Smith    bill@billsmithlaw.com, billsmithlaw@gmail.com
William R Snyder    main@wrslegal.com, connie@wrslegal.com
US Trustee    ustp.region18.bs.ecf@usdoj.gov
AKieffer Washington Trust Bank    BKNotices@watrust.com
Paul L Westberg    lwstbrg@cableone.net, mklinford@cableone.net;mrstorrs@cableone.net
Jeffrey M Wilson    jeff@wilsonmccoll.com, cindy@wilsonmccoll.com

**ESTATE REPRESENTATIVE'S MOTION TO SELL CLASS B STOCK - 6**

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:

Via first-class mail, postage prepaid addressed as follows:

| | |
|---|---|
| American Marine Bank<br>Attn: Barbara Kaye<br>P.O. Box 10788<br>Bainbridge, WA  98110 | Michael Ballantyne<br>Thornton Oliver Keller<br>250 S. Fifth Street, 2nd Floor<br>Boise, ID  83702 |
| The Commerce Bank of Washington, N.A.<br>c/o Charles C. Robinson<br>Eighteenth Floor<br>1191 Second Avenue<br>Seattle, WA  98101-2939 | American Marine Bank<br>c/o John Braislin<br>Betts Patterson Mines<br>One Convention Place<br>701 Pike Street, Suite 1400<br>Seattle, WA  98101-3927 |

/s/ Larry Prince
for HOLLAND & HART LLP

4398133_1.DOC

**ESTATE REPRESENTATIVE'S MOTION TO SELL CLASS B STOCK - 7**